**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| CHRISTOPHER J. FIORENTINO, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:22-cv-11502 |
| v. | ) ) | Hon. Angel Kelley |
| FLOSPORTS, INC., | ) ) | |
| Defendant. | ) ) ) | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiff Christopher J. Fiorentino ("Plaintiff"), on behalf of himself and as a representative of the Settlement Class (as defined herein), and (ii) Defendant FloSports, Inc. ("FloSports" or "Defendant").  The Plaintiff and the Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

1.      On September 13, 2022, Plaintiff filed his putative class action complaint against FloSports in the United States District Court for the District of Massachusetts alleging violations of the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* (the "VPPA").  (DE 1.)  The material allegations of the complaint center on Defendant's alleged disclosure of its subscribers' personally identifiable information to Facebook without permission.

2.      On November 14, 2022, FloSports moved to dismiss the class action complaint under Rules 12(b)(1) and 12(b)(6) arguing, *inter alia*, that plaintiff lacked standing, and the complaint failed to state a claim upon which relief could be granted.  (DE 36.)

3.      In response to the motion to dismiss, on November 23, 2022, Plaintiff filed an Amended Complaint as of right pursuant to Rule 15(a)(1)(B).  (DE 46.)

4.      Thereafter, on January 9, 2023, the Court granted the Parties' joint motion for extension of time to answer or otherwise respond to the amended complaint until February 10, 2023.  (DE 49.)  On January 17, 2023, the Parties sought a stay of the litigation for the purpose of engaging in formal mediation.  (DE 51.)  The Court granted the Parties' joint request for a stay on January 18, 2023.  (DE 52.)

5.      From the outset of the case and including during the pendency of the motion to dismiss, the Parties engaged in direct communications, and as part of their obligations under Fed. R. Civ. P. 26, discussed the prospect of resolution. Those discussions led to an agreement between the Parties to engage in mediation, which the Parties agreed would take place before The Honorable Wayne R. Andersen of JAMS Illinois, who is a former United States District Court Judge for the United States District Court for the Northern District of Illinois, and a neutral at JAMS Illinois.

6.      The mediation took place on April 24, 2023. While the Parties engaged in good-faith negotiations, which at all times were at arms' length, they failed to reach an agreement that day.

7.      Over the next several weeks, the Parties engaged in additional rounds of arms' length negotiations facilitated by Judge Andersen, and, on May 24, 2023, reached agreement on all material terms of a class action settlement and thereafter executed a term sheet.

8.     At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

9.     Plaintiff believes that the claims asserted in the Action against Defendant have merit and that he would have prevailed at summary judgment and/or trial. Nonetheless, Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiff may not prevail. Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

10.     NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and Defendant, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

## 1. DEFINITIONS

As used in this Settlement Agreement, the following terms have the meanings specified below.

**1.1.** **"Action"** means *Fiorentino v. FloSports, Inc.*, Case No. 1:22-cv-11502-AGK, pending in the United States District Court for the District of Massachusetts.

**1.2.** **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement.

**1.3.** **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment, shall be available in electronic and paper format in the manner described below.

1.4.    **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date no later than forty-five (45) days after the date of the Final Approval Hearing. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

1.5.    **"Class Counsel"** means Co-Lead Class Counsel Rachel Geman of Lieff Cabraser Heimann & Bernstein LLP, and Hank Bates of Carney Bates & Pulliam, PLLC; and additional Class Counsel Christopher J. Cormier of Burns Charest LLP, and Shawn Kennedy of Herrera Kennedy LLP.

1.6.    **"Class Period"** means the period from September 13, 2020, to and through the date of Preliminary Approval.

1.7.    **"Class Representative"** means the named Plaintiff in this Action, Christopher J. Fiorentino.

1.8.    **"Court"** means the United States District Court for the District of Massachusetts, the Honorable Angel Kelley presiding, or any judge who shall succeed her as the Judge in this Action.

1.9.    **"Defendant"** means FloSports, Inc. and its successors and assigns.

1.10.    **"Defendant's Counsel"** means Mark S. Melodia, Christopher M. Iaquinto, and Rachel C. Agius of Holland & Knight LLP.

1.11.    **"Effective Date"** means the date on which the Final Judgment becomes Final.

1.12.    **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendant into the Escrow Account in accordance with the terms of this Agreement

and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less.  The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund. The Escrow Account shall be maintained by the Settlement Administrator.

      **1.13.**   "**Fee Award***"* means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

      **1.14.**   "**Final**" means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

      **1.15.**   "**Final Approval Hearing**" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representative.

      **1.16.**   "**Final Judgment**" means the order to be entered by the Court, after the Final Approval Hearing, granting final approval of this Agreement.

**1.17.** **"Net Settlement Fund"** means the Settlement Fund less the following: Settlement Administration Expenses; any taxes due on earnings on the Settlement Fund, and any expenses related to the payment of such taxes; any Fee Award awarded by the Court; any Service Award awarded by the Court; and any other Court-approved deductions.

**1.18.** **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits B and C hereto.

**1.19.** **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1.2 is complete, which shall be no later than forty-five (45) days after Preliminary Approval.

**1.20.** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

**1.21.** **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.22.** **"Plaintiff"** means Christopher J. Fiorentino.

1.23.   **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

1.24.   **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

1.25.   **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the VPPA or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' personally identifiable information and video viewing behavior to any third party, including all claims that were brought or could have been brought in the Action relating to the alleged disclosure of the Settlement Class Members' personally identifiable information and video viewing behavior to any third party. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendant.

1.26.   **"Released Parties"** means Defendant FloSports Inc., as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers (including, but not limited to, ACE American Insurance Company and Chubb), directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.27.   **"Releasing Parties"** means Plaintiff, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.28.   **"Service Award"** means any amount awarded by the Court to the Class Representative as a service award in recognition of his efforts and commitment on behalf of the Class, which will be paid out of the Settlement Fund.

1.29.   **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), processing claims, responding to inquiries from members of the Settlement Class, and, if necessary, mailing Notices and/or checks for Approved Claims, and related services.

1.30.   **"Settlement Administrator"** means a reputable administration company that has been selected by the Parties and approved by the Court to oversee the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement.

1.31.   **"Settlement Amount"** means Two Million Six Hundred Twenty-Five Thousand Dollars and Zero Cents ($2,625,000.00) in cash.

1.32.   **"Settlement Class"** means all individuals residing in the United States who are or have been Facebook users that subscribed or otherwise signed up for access to FloSports' services, and requested or obtained any prerecorded (including on-demand replay) videos available on any FloSports website, during the Class Period.  Excluded from the Settlement Class are (1) any judge presiding over this Action and members of their families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded persons.

1.33.   **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

1.34.   **"Settlement Fund"** means the non-reversionary cash fund that shall be established by or on behalf of Defendant in the Settlement Amount, to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon. The Settlement Fund shall be at all times a "qualified settlement fund" within the meaning of Section 1.468B-1 et seq. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended. The Settlement Fund shall be kept in the Escrow Account with permissions

granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund Account or otherwise, including any taxes or tax detriments that may be imposed upon the Class Representative, Class Counsel, Defendant, or Defendant's Counsel with respect to income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for purposes of federal or state income taxes or otherwise, shall be paid out of the Settlement Fund. Neither the Class Representative, Class Counsel, Defendant, nor Defendant's Counsel shall have any liability or responsibility for any taxes arising with respect to the Settlement Fund. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement. In no event shall Defendant's total monetary obligation with respect to this Agreement exceed or be less than the Settlement Amount.

1.35.   **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO

EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived

any and all provisions, rights and benefits conferred by any law of any state or territory of the

United States, or principle of common law, or the law of any jurisdiction outside of the United

States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The

Releasing Parties acknowledge that they may discover facts in addition to or different from those

that they now know or believe to be true with respect to the subject matter of this release, but that

it is their intention to finally and forever settle and release the Released Claims, notwithstanding

any Unknown Claims they may have, as that term is defined in this Paragraph.

2.  **SETTLEMENT RELIEF**

2.1.  **Payments to Settlement Class Members**.

2.1.1.  **Defendant** shall pay or cause to be paid into the Escrow Account the

Settlement Amount, as specified in Paragraph 1.31 of this Agreement, within thirty (30) days after

Preliminary Approval.

2.1.2.  **Settlement** Class Members shall have until the Claims Deadline to submit

an Approved Claim. The Settlement Administrator shall pay a *pro rata* portion of the Net

Settlement Fund for all Approved Claims through payment (a) by check via first class U.S. mail;

or (b) by electronic means via Paypal or Venmo, upon election of the Settlement Class Member,

which the Parties agree to make available as alternative payment options. Payments to all

Settlement Class Members with Approved Claims shall be made within ninety (90) days after the

Effective Date.

2.1.3.   All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within one hundred and eighty (180) days after the date of issuance. To the extent that any checks issued to a Settlement Class Member are not cashed within one-hundred eighty (180) days after the date of issuance, such uncashed check funds shall be redistributed on a *pro rata* basis (after first deducting any necessary settlement administration expenses from such uncashed check funds) to all Settlement Class Members who cashed checks or received electronic payments during the initial distribution, but only to the extent each Settlement Class Member would receive at least $5.00 in any such secondary distribution and if otherwise feasible. To the extent each Settlement Class Member would receive less than $5.00 in any such secondary distribution or if a secondary distribution would be otherwise infeasible, any uncashed check funds shall, subject to Court approval, revert to a non-sectarian and/or not-for-profit organization recommended by Class Counsel and approved by the Court.

2.1.4.   Upon payment of the Settlement Fund into the Escrow Account, all risk of loss with respect to the cash portion of the Settlement shall pass to the Escrow Account, and any and all remaining interest or right of Defendant in or to the Escrow Account, if any, shall be extinguished.

2.2.   **Prospective Relief**. Within 45 days of the Preliminary Approval Order, FloSports will suspend operation of the Facebook Tracking Pixel on any pages on its website that both include video content and have a URL that identifies the video content viewed, unless and until the VPPA were to be: (a) amended to expressly permit (and not prohibit) the Released Claims, (b) repealed, or (c) invalidated by a judicial decision on the use of website pixel technology by the United States Supreme Court or the First Circuit Court of Appeals.  Nothing about this provision

prevents FloSports from seeking to obtain VPPA-compliant consent in the future should it wish to reinstitute use of the Facebook Tracking Pixel. Likewise nothing herein shall prohibit the use of the Facebook Tracking Pixel where the disclosure of information to Facebook does not identify specific video materials that a user has requested or obtained.

**3.   RELEASE.**

**3.1.**   The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

**3.2.**   Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims.

**4.   NOTICE TO THE CLASS.**

**4.1.** The Notice Plan shall consist of the following:

**4.1.1.**   <u>Settlement Class List</u>. No later than fourteen (14) days after Preliminary Approval, Defendant shall produce an electronic list from its records that includes the names, and email addresses, to the extent available, belonging to Persons within the Settlement Class (the "Class List"). Defendant represents that the Class List shall identify FloSports subscribers, or other individuals that otherwise signed up for FloSports' services, that also viewed prerecorded or on-

demand content.  Class Counsel's assent to this Agreement shall constitute consent on behalf of the Settlement Class to disclose this information, consistent with the written consent provisions of the VPPA. The Class List shall be provided to the Settlement Administrator with a copy to Class Counsel. Class Counsel shall not use the Class List, or any information contained within it, for any other purposes other than administering the settlement, and shall take reasonable measures to protect the information from any third-party disclosure. Class Counsel may not send advertisements, solicitations, or communications to the Settlement Class to solicit Settlement Class members to retain Class Counsel for any other matters or disputes.

   **4.1.2.**  *Direct Notice.* In the event that the Court preliminarily approves the Settlement, no later than the Notice Date, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit B, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List.  In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, where reasonable, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

   **4.1.3.**  *Reminder Notice.* At the election of Class Counsel, and at least seven (7) days prior to the Claims Deadline, the Settlement Administrator may, on one to two occasions, send Notice via email substantially in the form attached as Exhibit B (with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice), along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List.

   **4.1.4.**  *Settlement Website.* By no later than the Notice Date, Notice shall be provided on a website at www.FloSportsVPPASettlement.com which shall be administered and

maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit C hereto.

       **4.1.5.** *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

       **4.1.6.** *Contact from Class Counsel.* Class Counsel, in their capacity as counsel to Settlement Class Members, may from time to time contact Settlement Class Members to provide information about the Settlement Agreement and to answer any questions Settlement Class Members may have about the Settlement Agreement.

       **4.2.** The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

**4.3.**    Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including information sufficient to identify the objector's current Facebook page or a screenshot showing that such objector was a Facebook member during the class period; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and (6) the objector's handwritten or electronically imaged written signature.  So-called 'mass' or 'class' objections shall not be allowed.

**4.4.**    If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**4.5.**    A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Person in the

Settlement Class must timely send a written request for exclusion to the Settlement Administrator as specified in the Notice, providing his/her name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

4.6.    The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.2 is provided.

4.7.    Any Settlement Class Member who does not, using the procedures set forth in this Agreement and the Notice, seek exclusion from the Settlement Class will be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

5.  SETTLEMENT ADMINISTRATION.

5.1.     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

5.1.1.   Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

5.1.2.   Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

**5.1.3.** Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

**5.1.4.** Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

**5.2.** The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator will reject any claim that does not comply in any material respect with the instructions on the Claim Form or the terms of Paragraphs 1.2 and/or 1.3, above, or is submitted after the Claims Deadline. Each claimant who submits an invalid Claim Form to the Settlement Administrator must be given a notice of the Claim Form's deficiency and an opportunity to cure the deficiency within twenty-one (21) days of the date of the notice. The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

**5.3.** Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members and to obtain and review supporting documentation relating to such Claim Form. The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to The Honorable Wayne Andersen of JAMS for binding determination.

**5.4.** In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

## 6.  TERMINATION OF SETTLEMENT.

**6.1.** Subject to Paragraphs 6.2-6.4 below, Defendant or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1.4 of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**6.2.** Subject to Paragraphs 6.3 below, Defendant shall have the right, but not the obligation, in its sole discretion, to terminate this Agreement by providing written notice to Class Counsel within twenty-five (25) days of the following events: (i) more than 100 individuals of the Settlement Class in total have timely and validly opted out of and/or objected to the Agreement; or (ii) the Class Representative and his agents, or any other individuals operating at his direction or in coordination with him, or Class Counsel, file or threaten to file any arbitrations or additional lawsuits against Defendant related to the Released Claims at any time prior to Final Approval.

**6.3.** If Defendant seeks to terminate the Agreement on the basis of 6.2 above, the Parties agree that any dispute as to whether Defendant may invoke section 6.2 to terminate the Agreement

that they cannot resolve on their own after reasonable, good faith efforts, will be submitted to the Honorable Wayne Andersen of JAMS for binding determination.

**6.4.**    The Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the incentive award set forth in Paragraph 8 below shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. The procedures for any application for approval of attorneys' fees, expenses, or Incentive Awards are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.

## 7.  PRELIMINARY APPROVAL ORDER AND FINAL JUDGMENT.

**7.1.**    Within fourteen (14) days after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in the form of Exhibits A, B, and C hereto. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class.

**7.2.**    Defendant's agreement as to certification of the Settlement Class is solely for purposes of effectuating the Settlement and no other purpose. Defendant retains all of its objections, arguments, and defenses with respect to class certification and any other issue, and

reserves all rights to contest class certification and any other issue if the Settlement set out in this Agreement does not result in entry of the Final Judgment, if the Court's approval is reversed or vacated on appeal, if this Settlement is terminated as provided herein, or if the Settlement set forth in this Settlement otherwise fails to become effective. The Parties acknowledges that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Settlement Agreement is not finally approved, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Class becomes null and void *ab initio*, and this Settlement Agreement or any other settlement-related statement may not be cited regarding certification of the Class, or in support of an argument for certifying any class for any purpose related to this Action or any other proceeding.

7.3.    At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

7.4.    After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

7.4.1.   find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

7.4.2.   approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms

and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and Releasing Parties;

**7.4.3.**   find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

**7.4.4.**   find that the Class Representatives and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

**7.4.5.**   dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

**7.4.6.**   incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

**7.4.7.**   permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the respective Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

**7.4.8.**   without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

**7.4.9.**   incorporate any other provisions, as the Court deems necessary and just.

## 8.   FEE AND SERVICE AWARDS

**8.1.**   Pursuant to Fed. R. Civ. P. 23(h), Defendant agrees that Class Counsel shall be entitled to an award of reasonable attorneys' fees and costs out of the Settlement Fund in an amount determined by the Court as the Fee Award.  Plaintiff will file a motion with the Court prior to the Final Approval Hearing requesting a Fee Award not to exceed one-third of the Settlement Fund. Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Settlement Class Members.

**8.2.**   The Fee Award shall be paid from the Settlement Fund within ten (10) days after entry of the Court's Final Judgment, notwithstanding the existence of any timely filed objections or potential for appeal therefrom, or collateral attack on the settlement or any part hereof. Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or rendered void as a result of an appeal(s) then Class Counsel shall return such funds to the Settlement Fund.

**8.3.**   Class Counsel may file a motion for Court approval of a Service Award for the Class Representative, to be paid from the Settlement Fund, in addition to any funds the Class Representative stands to otherwise receive from the Settlement. With no consideration having been given or received, Defendant agrees not to object to a request for service awards to the Class

Representative of up to $2,000.00. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Settlement Class Members.

**8.4.**    The Service Award shall be paid from the Settlement Fund (in the form of a check to the Class Representative that is sent care of Class Counsel), within thirty (30) days after the Effective Date.

**8.5.**    The Parties agree that the effectiveness of this Settlement Agreement does not require and is not conditioned upon the Court's approval of a Fee Award and/or a Service Award. No decision by the Court, or modification, reversal, or appeal of any decision by the Court, concerning the payment of a Fee Award and/or a Service Award shall be grounds for cancellation or termination of this Settlement Agreement.

**9. CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**9.1.**    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

**9.1.1.**    The Parties and their counsel have executed this Agreement;

**9.1.2.**    The Court has entered the Preliminary Approval Order;

**9.1.3.**    The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

**9.1.4.** The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

**9.2.** If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof and fails to cure such material breach within 30 days of notice, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties.

**9.3.** If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

**10. MISCELLANEOUS PROVISIONS.**

**10.1.** The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and

conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2.**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or on a frivolous basis.

**10.3.**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4.**    Whether or not the Effective Date occurs, or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

**10.4.1.** is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the

reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

**10.4.2.** is, may be deemed, or shall be used, offered, or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**10.4.3.** is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

**10.4.4.** is, may be deemed, or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

10.4.5. is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.5.    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.6.    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.7.    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

10.8.    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.9.    Except as otherwise provided herein, each Party shall bear its own costs.

10.10.   Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that he is fully entitled to release the same.

**10.11.**  Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms. Class Counsel in particular warrants that they are authorized to execute this Settlement Agreement on behalf of Plaintiffs and the Settlement Class (subject to final approval by the Court after notice to all Settlement Class Members), and that all actions necessary for the execution of this Settlement Agreement have been taken.

**10.12.**  This Agreement may be executed in one or more counterparts. Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.13.**  This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.14.**  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.15.**  This Settlement Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts.

**10.16.**  This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.17.**  Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Hank Bates, Carney Bates & Pulliam PLLC, 519 W. 7th Street, Little Rock, AR 72201; Rachel J. Geman Lieff Cabraser Heimann & Bernstein LLP, 250 Hudson Street, 8th Floor, New York, NY 10013; Mark S. Melodia, Holland & Knight LLP, 31 W 52nd Street, 12th Floor, New York, New York 10019.

**10.18.**  Plaintiff and/or Class Counsel shall not, at any time, issue press releases or make other public statements regarding the Settlement or the Action (apart from filings with the Court as necessary to obtain Preliminary or Final Approval of the Settlement) unless Defendant agrees to such press releases or public statements in advance; provided that Class Counsel may post Court orders regarding the Action and brief summaries of those orders on their website(s) without permission from Defendant, so long as any reference in such order(s) to materials subject to any confidentiality obligations are properly redacted. This provision shall not prohibit Class Counsel from communicating with any person in the Settlement Class regarding the Settlement (subject to compliance with any and all applicable confidentiality obligations).

**IT IS SO AGREED TO BY THE PARTIES**:

Dated:  July 21, 2023

Respectfully submitted,

**FLOSPORTS, INC.**

/s/ _____

One of Its Attorneys

Christopher M. Iaquinto
Holland & Knight LLP
10 St. James Avenue, 11th Floor
Boston, Massachusetts 02116
Telephone: (617) 305-2092
christopher.iaquinto@hklaw.com

Mark S. Melodia (*pro hac vice*)
Holland & Knight LLP

31 West 52nd Street, 12th floor
New York, New York 10019
mark.melodia@hklaw.com

Rachel C. Agius (*pro hac vice*)
Holland & Knight LLP
150 N. Riverside Plaza, Ste. 2700
Chicago, Illinois 60606
rachel.agius@hklaw.com

*Counsel for Defendant*

**PLAINTIFF CHRISTOPHER J.
FIORENTINO**

/s/
_____
One of His Attorneys

Hank Bates (*pro hac vice*)
Lee Lowther (*pro hac vice*)
Courtney E. Ross (*pro hac vice*)
CARNEY BATES & PULLIAM, PLLC
519 W. 7th Street
Little Rock, Arkansas 72201
Telephone: (501) 312-8500
hbates@cbplaw.com
llowther@cbplaw.com
cross@cbplaw.com

Rachel J. Geman (*pro hac vice*)
Douglas I. Cuthbertson (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN LLP
250 Hudson Street, 8th Floor
New York, New York 10013
Telephone: (212) 355-9500
rgeman@lchb.com
dcuthbertson@lchb.com

Michael K. Sheen
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339

Telephone: (415) 956-1000
msheen@lchb.com

Christopher J. Cormier (*pro hac vice*)
BURNS CHAREST LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202) 577-3977
ccormier@burnscharest.com

Shawn M. Kennedy (*pro hac vice*)
HERRERA KENNEDY LLP
4590 MacArthur Blvd., Suite 500
Newport Beach, California 92660
Telephone: (949) 936-0900
skennedy@herrerakennedy.com

*Counsel for Plaintiff*

Exhibit A


*0000PLACEHOLDER0000*

## *Fiorentino v. FloSports, Inc.*

In the United States District Court for the District of Massachusetts
Case No. 1:22-cv-11502-AK

### Settlement Claim Form

> **If you are a Settlement Class Member and wish to receive a payment, your completed Claim Form must be postmarked on or before [    ], or submitted online on or before [    ].**

Please read the full Notice of this settlement (available at www████████████.com) carefully before filling out this Claim Form.

To be eligible to receive any benefits from the settlement obtained in this class action lawsuit, you must submit this completed Claim Form online or by mail:

**ONLINE:**    www████████████.com

**MAIL:**       FloSports VPPA Settlement Administrator
PO Box ████
Portland, OR ████████

### PART ONE: CLAIMANT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

**FIRST NAME**               **MI**    **LAST NAME**

**STREET ADDRESS**

**CITY**                         **STATE**    **ZIP CODE**

**COUNTRY**

**EMAIL ADDRESS**

**PHONE NUMBER**

If you received notice about the Settlement by email, please provide the Unique ID located on the Notice you received to assist the Settlement Administrator in validating your claim. Please be sure to include the full Unique ID, including all letters and/or numbers that appear.

**Unique ID**



*0000PLACEHOLDER0000*

## PART TWO: PAYMENT SELECTION

Please select one of the following payment options:

☐ Venmo

Email address associated with your Venmo account:

| | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ PayPal

Email address associated with your PayPal account:

| | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ Physical Check

A check will be mailed to the address provided above.

## PART THREE: CERTIFICATION

To qualify for a cash payment, you must verify that you watched a prerecorded (including on-demand replay) video on any FloSports website while you had a Facebook account by completing the following certification.

I certify the following:

(1)  At least once between September 13, 2020, and **[Preliminary Approval Date]**:

   (a)  I subscribed or otherwise signed up for access to FloSports' services;

   (b)  I requested or obtained any prerecorded (including on-demand replay) video(s) available on any FloSports website; and

   (c)  I was a Facebook user at the time I requested or obtained such prerecorded video(s).

(2)  All of the information on this Claim Form is true and correct to the best of my knowledge, information, and belief, and this is the only claim I will submit in connection with this Settlement. I understand the Settlement Administrator may contact me to request further verification of the information provided in this Claim Form.

| | |
|---|---|
| _____ | **DATE** [ ][ ] – [ ][ ] – [ ][ ][ ][ ] |
| **SIGNATURE** | MM         DD         YYYY |

**Please keep a copy of your Claim Form for your records.**

02-CA40067124
AJ0342 v 03

QUESTIONS? VISIT www._____.com
OR CALL _____ TOLL-FREE.



# Exhibit B

Email Notice

| | |
|---|---|
| **TO:** | <<Class Member Email>> |
| **FROM:** | Settlement Administrator <<Settlement@xxxxxxxxxxx.com>> |
| **RE:** | Legal Notice of Class Action Settlement |

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Fiorentino v. FloSports, Inc*, Case No. 1:22-cv-10195-RGS
**(United States District Court for the District of Massachusetts)**

**Our Records Indicate You May Be Entitled to a Payment from a Class Action Settlement Because You Subscribed or Signed Up for Access to FloSports**

**Click [HERE] To File A Claim for a Cash Payment**

**Claims Must be Submitted no later than [Claims Deadline]**
*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

This notice is to inform you that a settlement has been reached in a class action lawsuit claiming that Defendant, FloSports Inc. ("FloSports"), disclosed its subscribers' personally identifiable information to Facebook via the Facebook Tracking Pixel, without its subscribers' consent, in violation of the Video Privacy Protection Act (the "VPPA"). Personally identifiable information includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. FloSports denies that it violated any law but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Settlement Class Member?** Records indicate you may be a Settlement Class Member. Settlement Class Members are all individuals residing in the United States who, from September 13, 2020, to and through [Preliminary Approval Date]: (1) are or have been Facebook users; (2) subscribed or otherwise signed up for access to FloSports' services; and (3) requested or obtained any prerecorded (including on-demand replay) videos available on any FloSports website.

**What Can I Get?** If approved by the Court, FloSports will create a Settlement Fund of **$2,625,000** for the benefit of the Settlement Class. The Settlement Fund will be distributed to Settlement Class Members who file a timely and complete claim on a *pro rata* basis (meaning equal share), after deducting any Court-approved attorneys' fees and expenses, service award for the class representative, and costs of settlement administration (including payment of any associated taxes).

The Settlement also requires FloSports to suspend operation of the Facebook Tracking Pixel on any pages on its website that both include video content and have a URL that identifies the video content viewed, unless and until the VPPA were to be: (a) amended to expressly permit (and not prohibit) the Released Claims, (b) repealed, or (c) invalidated by a judicial decision on the use of website pixel technology by the United States Supreme Court or the First Circuit Court of Appeals, or until FloSports obtains VPPA-compliant consent for the disclosure to Facebook of the video content viewed.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than [claims deadline]**. You can file a claim by clicking here. Your payment will come by check unless you elect to receive payment electronically by PayPal or Venmo.

**What are My Other Options?** You may exclude yourself from the Settlement Class by sending a letter to the Settlement Administrator no later than [**objection/exclusion deadline**]. If you exclude yourself, you cannot get a settlement payment, but you will keep any rights you may have to sue FloSports regarding the issues in the lawsuit. You may object to the proposed settlement, and you and/or your lawyer have the right to appear before the Court. Your written objection must be filed no later than [**objection/exclusion deadline**]. Specific instructions about how to exclude yourself from, or object to, the Settlement are available at here. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims against FloSports relating to issues in this case will be released.

**Who Represents Me?** The Court has appointed lawyers Hank Bates, Carney Bates & Pulliam PLLC, 519 W. 7th Street, Little Rock, AR 72201; and Rachel J. Geman Lieff Cabraser Heimann & Bernstein LLP, 250 Hudson Street, 8th Floor, New York, NY 10013 to represent the Settlement Class. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____.m. on [date] in Courtroom 8 at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for a Service Award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to here, contact the Settlement Administrator at 1-800-000-000 or FloSports VPPA Settlement Administrator, PO Box xxxx, Portland, OR 97xxxs, or call Class Counsel at _____.

# Exhibit C

United States District Court for the District of Massachusetts
*Fiorentino v. FloSports, Inc.*, Case No. 1:22-cv-11502-AK

# Records Indicate You May Be Entitled to a Payment from a Class Action Settlement Because You Subscribed or Signed Up for Access to FloSports

**Claims Must be Submitted no later than [Claims Deadline]**

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against FloSports, Inc. ("FloSports"). The class action lawsuit alleges FloSports disclosed its subscribers' personally identifiable information ("PII") to Facebook via the Facebook Tracking Pixel, without its subscribers' consent, in violation of the Video Privacy Protection Act ("VPPA"). The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. FloSports denies that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

- You are included in the Settlement Class if you are an individual residing in the United States who, from September 13, 2020, to and through [Preliminary Approval Date]: (1) are or have been Facebook users; (2) subscribed or otherwise signed up for access to FloSports' services; and (3) requested or obtained any prerecorded (including on-demand replay) videos available on any FloSports website.

- Individuals included in the Settlement will be eligible to receive cash payment *pro rata* (meaning equal) portion of the Net Settlement Fund. The Settlement also requires Defendant to suspend operation of the Facebook Tracking Pixel on any pages on its website that both include video content and have a URL that identifies the video content viewed, unless and until the VPPA were to be: (a) amended to expressly permit (and not prohibit) the Released Claims, (b) repealed, or (c) invalidated by a judicial decision on the use of website pixel technology by the United States Supreme Court or the First Circuit Court of Appeals, or until FloSports obtains VPPA-compliant consent for the disclosure to Facebook of the video content viewed.

- Read this notice carefully. Your legal rights are affected whether you act, or do not act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | This is the only way to receive a cash payment. A Claim Form is available at the website [website address]. As a Settlement Class Member, you will give up your rights to sue FloSports in the future regarding the claims in this case. |
| **EXCLUDE YOURSELF BY [DATE]** | You will receive no benefits, but you will retain any rights you currently have to sue FloSports regarding the claims in this case. |
| **OBJECT BY [DATE]** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING ON [DATE]** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue FloSports regarding the claims in this case. |

Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

**QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.XXXXXXXXXX.COM**

## BASIC INFORMATION

**1.  Why was this Notice issued?**

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Angel Kelley, of the U.S. District Court for the District of Massachusetts, is overseeing this case. The case is called *Fiorentino v. FloSports, Inc.*, Case No. 1:22-cv-11502-AK. The person who has sued is called the Plaintiff. The entity being sued, FloSports, is called the Defendant.

**2. What is a class action?**

In a class action, one or more people called the class representatives (in this case, Plaintiff Christopher J. Fiorentino) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the class.

**3. What is this lawsuit about?**

This lawsuit claims that FloSports violated the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.* ("VPPA") by disclosing its subscribers' personally identifiable information ("PII") to Facebook via the Facebook Tracking Pixel without consent. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. FloSports denies that it violated any law. The Court has not determined who is right. Rather, the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

**4. Why is there a Settlement?**

The Court has not decided whether the Plaintiff or FloSports should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Settlement Class Members will get compensation.

## WHO'S INCLUDED IN THE SETTLEMENT?

**5. How do I know if I am in the Settlement Class?**

The Settlement Class is defined as:

All individuals residing in the United States who, from September 13, 2020, to and through [Preliminary Approval Date]: (1) are or have been Facebook users; (2) subscribed or otherwise signed up for access to FloSports' services; and (3) requested or obtained any prerecorded (including on-demand replay) videos available on any FloSports website.

## THE SETTLEMENT BENEFITS

**6. What does the Settlement provide?**

**Monetary Relief**: FloSports will pay $2,625,000.00 to create a Settlement Fund.

**Prospective Changes**:  In addition to this monetary relief, the Settlement also requires FloSports to suspend operation of the Facebook Tracking Pixel on any pages on its website that both include video content and have a URL that identifies the video content viewed, unless and until the VPPA were to be: (a) amended to expressly permit (and not prohibit) the Released Claims, (b) repealed, or (c) invalidated by a judicial decision on the use of website pixel technology by the United States Supreme Court or the First Circuit Court of Appeals, or until FloSports obtains VPPA-compliant consent for the disclosure to Facebook of the video content viewed.

A detailed description of the settlement benefits can be found in the Settlement Agreement available at the website[website address].

## 7. How much will my payment be?

After deducting any Court-approved attorneys' fees and expenses, service award for the class representative, and costs of settlement administration (including payment of any associated taxes), the Settlement Fund will be distributed to Settlement Class Members as a cash payment on a *pro rata* basis (meaning equal share). This means each Settlement Class Member who submits a valid claim will be paid an equal share from the Net Settlement Fund. The amount of the payments to individual Settlement Class Members will depend on the number of valid claims that are filed.  Because the final payment amount cannot be calculated before all claims are received and verified, it will not be possible to provide an accurate estimate of the payment amount before the deadline to file claims.

## 8. When will I get my payment?

The Court will hold a hearing to consider the fairness of the settlement on [Final Approval Hearing Date]. If the Court approves the settlement, eligible Settlement Class Members whose claims were approved by the Settlement Administrator will receive their payment within 90 days after the Settlement has been finally approved and/or any appeals process is complete. In submitting their claims, Settlement Class Members can choose whether to receive their payment via PayPal, Venmo, or paper check.  All checks will expire and become void unless cashed within 180 days after the date of issuance.

## HOW TO GET BENEFITS

## 9. How do I get a payment?

If you are a Settlement Class Member and you want to receive a payment, you **must** complete and submit a Claim Form postmarked by [Claims Deadline]. Claim Forms can be found and submitted at the website [website address], or by printing and mailing a paper Claim Form, copies of which are available for download at the website [website address].

Settlement Class Members are encouraged to submit claims online. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

## 10. What am I giving up if I stay in the Settlement Class?

If the Settlement becomes final, you will give up (or "release") your rights to sue FloSports and certain of its affiliates (Released Parties) regarding the Released Claims, which are described and defined in

Paragraphs 1.25 and 1.26 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you will release the Released Claims, regardless of whether you submit a claim or not. You may access the Settlement Agreement through the "court documents" link on the website.

The Settlement Agreement describes the Released Claims with specific descriptions, so read it carefully. If you have any questions you may speak to the lawyers listed in Question 12 for free or you may, of course, speak to your own lawyer.

## 11. What happens if I do nothing at all?

If you do nothing, you will not receive any monetary benefit (cash payment) from this Settlement. Further, if you do not exclude yourself, you will be unable to start a lawsuit or be part of any other lawsuit brought against FloSports regarding the Released Claims.

## THE LAWYERS REPRESENTING YOU

## 12. Do I have a lawyer in the case?

The Court has appointed Rachel Geman (Lieff Cabraser Heimann & Bernstein LLP), and Hank Bates (Carney Bates & Pulliam PLLC) to be the attorneys representing the Settlement Class. They are called "Class Counsel." After conducting an extensive investigation, they believe that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

## 13. How will the lawyers be paid?

Class Counsel's attorneys' fees, costs, and expenses will be paid from the Settlement Fund in an amount determined and awarded by the Court. Class Counsel will ask for no more than one-third of the $2.625 million Settlement Fund, but the Court may award less than this amount.

Class Counsel may also seek a Service Award of up to $2,000.00 for the Class Representative for his service in helping to bring and settle the case. The Service Award will be paid out of the Settlement Fund, but the Court may award less than this amount.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

## 14. How do I get out of the Settlement?

To exclude yourself from the Class, you must mail or otherwise deliver a letter stating that <u>you want to be excluded</u>. Your letter must include:

    a.  The name and number of this case, *Fiorentino v. FloSports, Inc.,* Case No. 1:22-cv-11502-AK;

    b.  Your full name and mailing address;

    c.  A statement that you wish to be excluded; and

    d.  Your handwritten or electronically imaged written signature.

You must mail or deliver your exclusion letter, postmarked no later than **[objection/exclusion deadline]** to:

FloSports VPPA Settlement Administrator Exclusions

PO Box xxxx

Portland, OR 97xxx-xxxx

No "mass" or "class" opt-outs will be allowed.

**QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.XXXXXXXXXX.COM**

### 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue FloSports for the Released Claims being resolved by this Settlement.

### 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you may not submit a Claim Form to receive a monetary benefit (cash payment).

## OBJECTING TO THE SETTLEMENT

### 17. How do I object to the Settlement?

If you're a Settlement Class Member, you may ask the Court to deny approval by filing an objection. You may object to any aspect of the Settlement, Class Counsel's request for attorneys' fees and expenses, or the request for a Service Award. You can give reasons why you think the Court should not give its approval. The Court will consider your views.

If you choose to make an objection, you must mail or file with the Court a letter or brief stating that you object to the Settlement. Your letter or brief must include:

The name and number of this case, *Fiorentino v. FloSports, Inc.,* Case No. 1:22-cv-11502-AK;

   a. Your full name and mailing address;

   b. An explanation of the basis upon which you claim to be a Settlement Class Member, including information sufficient to identify your current Facebook page or a screenshot showing that you were a Facebook member during the class period;

   c. An explanation of any and all your reasons for your objections, including citations to legal authority and supporting evidence, and attaching any materials you rely on for your objections;

   d. The name and contact information of any and all lawyers representing, advising, or in any way assisting you in connection with your objection;

   e. A statement indicating whether you or your lawyer(s) intends to appear at the Final Approval Hearing;

   f. Your handwritten or electronically imaged written signature; and

   g. If a Settlement Class Member or any of the Objecting lawyers have objected to any class action settlement where the objector or the Objecting lawyer asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

You must mail or deliver your written objection, postmarked no later than **[objection/exclusion deadline]** to:

Clerk of the Court
United States District Court for the District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, MA 02210

You must also mail or otherwise deliver a copy of your written objection to Class Counsel and FloSports' counsel at the following addresses:

**QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.XXXXXXXXXX.COM**

| Class Counsel | Defendant's Counsel |
|---|---|
| Hank Bates<br>Carney Bates & Pulliam, PLLC<br>519 W. 7th Street<br>Little Rock, AR 72201<br>Email: hbates@cbplaw.com | Christopher M. Iaquinto<br>Holland & Knight LLP<br>10 St. James Ave., 11th Fl.<br>Boston, MA 02116<br>christopher.iaquinto@hklaw.com |
| Rachel J. Geman<br>Lieff Cabraser Heimann & Bernstein LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013<br>Email: rgeman@lchb.com | Mark S. Melodia<br>Holland & Knight LLP<br>31 West 52nd Street, 12th Fl.<br>New York, NY 10019<br>mark.melodia@hklaw.com |

No "mass" or "class" objections will be allowed.

### 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no right to object or file a Claim Form because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at [time] on Month 00, 2023 in Courtroom 8 at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for a Service Award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check [Settlement Website] or call [class counsel contact]. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

### 20. Do I have to attend to the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to attend the hearing to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also retain your own lawyer (at your own expense) to attend, but it's not required.

### 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the Settlement a statement saying that you or your lawyer intends to appear at the Final Approval Hearing.

## GETTING MORE INFORMATION

**QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.XXXXXXXXXX.COM**

## 22. Where do I get more information?

This Notice summarizes the Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at [Settlement Website].  You may also write with questions to FloSports VPPA Privacy Settlement, [P.O. Box 0000, Portland, OR].  You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at [class counsel contact], if you have any questions. Before doing so, however, please read this full Notice carefully.  You may also find additional information elsewhere on the case website.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE REGARDING THIS NOTICE.**