**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER J. FIORENTINO,<br><br>        Plaintiff,<br>    v.<br><br>FLOSPORTS, INC.,<br><br>        Defendant. | Case No. 1:22-CV-11502-AK |

## DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION OF

## NOTICE PLAN AND NOTICES

I, Cameron R. Azari, Esq., hereby declare and state as follows:

1.      My name is Cameron R. Azari. I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am a nationally recognized expert in the field of legal notice and have served as an expert in hundreds of federal and state cases involving class action notice plans.

3.      I am a Senior Vice President of Epiq Class Action and Claims Solutions, Inc. ("Epiq") and the Director of Legal Notice for Hilsoft Notifications, a firm that specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans. Hilsoft Notifications is a business unit of Epiq.

4.      The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Epiq.

## OVERVIEW

5.      This declaration describes the implementation of the Settlement Notice Plan ("Notice Plan" or "Notice Program") and notices (the "Notice" or "Notices") for *Fiorentino v. FloSports, Inc.*, Case No. 1:22-cv-11502 in the United States District Court for the District of Massachusetts. I previously executed my *Declaration of Cameron R. Azari, Esq. on Notice Plan and Notices* ("Notice Plan Declaration") on July 26, 2023, which described the Notice Plan, detailed Hilsoft's class action notice experience, and attached Hilsoft's *curriculum vitae.* I also

provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice plans.

## NOTICE PLAN SUMMARY

6.      Federal Rule of Civil Procedure, Rule 23 directs that notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," and that "the notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."[1]  The Notice Plan as implemented satisfied these requirements.

7.      The Notice Plan was designed to reach the greatest practicable number of Settlement Class Members with individual notice and supplemental digital/internet notices.  The reach was further enhanced by a Settlement Website.  In my experience, the reach of the Notice Plan was consistent with other court-approved notice plans, was the best notice practicable under the circumstances of this case, and satisfied the requirements of due process, including its "desire to actually inform" requirement.[2]  Implementation of the Notice Plan has currently reached an estimated 97.2% of potential Settlement Class Members.

## CAFA NOTICE

8.      On August 4, 2023, Epiq sent 57 CAFA Notice Packages ("CAFA Notice") as required by the federal Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715.  The CAFA Notice was sent via United States Postal Service ("USPS") Certified Mail to 55 officials, which included the Attorneys General of 49 states, the District of Columbia, and the United States Territories.  Per the direction of the Office of the Nevada Attorney General, the CAFA Notice was sent to the Nevada Attorney General electronically via email.  The CAFA Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States.  Details regarding the CAFA Notice mailing are provided in the *Declaration of Kyle S. Bingham on Implementation of*

---

[1] Fed. R. Civ. P. 23(c)(2)(B).
[2] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.  The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . .").

*CAFA Notice*, dated August 4, 2023, which is included as **Attachment 1** hereto**.**

## NOTICE PLAN DETAIL

9.      On August 23, 2023, The Court approved the Notice Plan and appointed Epiq as the Settlement Administrator in the *Preliminary Approval Order*.  In the Preliminary Approval Order, the Court approved the following "Settlement Class":

> All individuals residing in the United States who are or have been Facebook users that subscribed or otherwise signed up for access to FloSports' services, and requested or obtained any prerecorded (including on-demand replay) videos available on any FloSports website, from September 13,2020 to and through the date of this Order.

> Excluded from the Settlement Class are: (1) any judge presiding over this Action and members of their families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded persons.

10.      After the Court's Preliminary Approval Order was entered, Epiq began to implement the Notice Plan.  During the initial email notice efforts, an unusually high percentage of "bounce-back" emails were received from one of the email service providers – Google/Gmail. As a result, Epiq took additional measures to remediate the issue, including collaborating with both Class Counsel and Counsel for Flosports, and devising a creative solution that was ultimately successful.

11.      The additional measures to remediate the unusually high percentage of "bounce-back" emails received from Google for Gmail email addresses, included: (1) initiating a formal mitigation process to remove the designation as "spam" for the undeliverable Gmail addresses based on Google's action of blocking the Email Notices; (2) reattempted sending the Email Notice via a new IP pool, which were still blocked by Google; (3) opened a mitigation ticket directly with Google, which did not yield a response after multiple outreach efforts to resolve the issue; and (4) continuously sent email "seed lists," which are small groups of emails sent to test if the spam block was lifted by Google.  These efforts were in addition to standard ISP outreach that was performed with eight major ISPs, including Google, ahead of Epiq launching the email notice campaign to

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION OF NOTICE
PLAN AND NOTICES

provide the highest deliverability possible.

12.    On November 6, 2023, the Court approved the *Joint Motion for Extension of Deadlines* extending the deadlines for Settlement Class Members to file a claim, request exclusion, or object to the Settlement, and to allow additional notice efforts to reach Settlement Class Members with an undeliverable email address.  Subsequently, Epiq created a new domain name and launched a new email campaign to send Email Notice to the addresses that were previously undeliverable, specifically Google/Gmail email addresses.  This additional email notice effort resulted in a highly successful email campaign.  Digital Notice was also added in conjunction with the new email campaign as another way to reach Settlement Class Members.

13.    This Declaration details the notice activities undertaken to date and explains how and why the Notice Plan was comprehensive and well-suited to reach the Settlement Class Members.  This Declaration also discusses the administration activity to date.

## NOTICE PLAN

### *Individual Notice*

14.    On August 30, 2023, Epiq received one data file with 785,221 records for identified potential Settlement Class Members, which included email addresses and full or partial names for some potential Settlement Class Members ("Settlement Class List").  Epiq deduplicated and rolled-up the records and loaded the unique, identified potential Settlement Class Member records into its database.  These efforts resulted in 785,208 unique, identified potential Settlement Class Member records (of these records, 448 records did not have a valid email address).  As a result, 784,760 unique, identified potential Settlement Class Members were sent an Email Notice.  The Email Notice clearly described the case and the legal rights of the potential Settlement Class Members.  In addition, the Notices directed the recipients to a dedicated Settlement Website where they could access additional information and file an online Claim Form.

### *Individual Notice – Email*

15.    On October 6, 2023, Epiq sent 784,760 Email Notices ("Initial Email Notice") to identified potential Settlement Class Members for whom a valid email address was available.  Subsequently, on November 15, 2023, Epiq sent 193,699 Email Notices ("Subsequent Email

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION OF NOTICE PLAN AND NOTICES

Notice") to those email addresses that were previously undeliverable (specifically Google/Gmail email addresses). The Email Notices were sent using a new domain name, and the Email Notice content was updated to provide the extended deadlines, etc.

16.    The following industry standard best practices were followed for the email notice efforts. The Email Notices used an embedded html text format. This format provided easy to read text without graphics, tables, images, attachments, and other elements that would have increased the likelihood that the message would have been blocked by Internet Service Providers (ISPs) and/or SPAM filters. The Email Notices were sent from an IP address known to major email providers as one not used to send bulk "SPAM" or "junk" email blasts. Each Email Notice was transmitted with a digital signature to the header and content of the Email Notice, which allowed ISPs to programmatically authenticate that the Email Notices were from authorized mail servers. Each Email Notice was also transmitted with a unique message identifier. The Email Notices included an embedded link to the Settlement Website. By clicking the link, recipients were able to access the Long Form Notice, Settlement Agreement, and other information about the Settlement. The Initial Email Notice is included as **Attachment 2** hereto. The Subsequent Email Notice is included as **Attachment 3** hereto.

17.    If the receiving email server could not deliver the message, a "bounce code" was returned along with the unique message identifier. For any Email Notice for which a bounce code was received indicating that the message was undeliverable for reasons such as an inactive or disabled account, the recipient's mailbox was full, technical autoreplies, etc., at least two additional attempts were made to deliver the Notice by email.

*Notice Results*

18.    As of November 30, 2023, an Email Notice was ultimately delivered to 763,339 of the 785,208 unique, identified potential Settlement Class Members. This means the individual notice efforts reached approximately 97.2% of the identified potential Settlement Class Members.

*Claim Stimulation Reminder Notice*

19.    To stimulate claim filing, Epiq will send a Reminder Email Notice to Settlement Class Members with an email address that was previously deliverable, who have not yet filed a

Claim Form or submitted a request for exclusion.

*Internet Digital Notice Campaign*

20.    The Notice Plan was updated to add Digital Notice advertising on the selected advertising network *Google Display Network*, which represents thousands of digital properties across all major content categories.  The Digital Notices were targeted to a select audience, and included a List Activation campaign, which matched the undeliverable email addresses for potential Settlement Class Members to online profiles with *Google*, and then served Digital Notices directly to those individuals.

21.    The Digital Notices linked directly to the Settlement Website, allowing visitors easy access to relevant information and documents.  Consistent with best practices, the Digital Notices used language from the notice headline, which allowed users to identify themselves as potential Settlement Class Members.  The Digital Notices appeared on desktop, mobile, and tablet devices.

22.    Details regarding the target audiences, distribution, specific ad size of the Digital Notices and the number of delivered impressions are included in the following table.

| Network/Property | Target | Ad Size | Delivered Impressions |
|---|---|---|---|
| *Google Display Network* | List Activation - Data Match Targeting to 211,859 Undeliverable Email Addresses | 300x250, 728x90, 300x600, 970x250 | 626,462 |
| *Google Display Network* | Intent Audience:  FloSports | 300x250, 728x90, 300x600, 970x250 | 6,013,870 |
| **TOTAL** | | | **6,640,332** |

23.    For the List Activation Digital Notice efforts, *Google* matched to 195,719 potential Settlement Class Member with an undeliverable email address and was able to deliver 626,462 impressions to 144,981 of these matched individuals.  Combined, more than 6.6 million impressions were generated by the Digital Notices, which ran from November 15, 2023, through November 28, 2023.[3]  Clicking on the Digital Notices linked the readers to the Settlement Website,

---

[3] The third-party ad management platform, ClickCease, was used to audit Digital Notice ad placements.  This type of platform tracks all Digital Notice ad clicks to provide real-time ad monitoring, fraud traffic analysis, blocks clicks from fraudulent sources, and quarantines dangerous IP addresses.  This helps reduce wasted, fraudulent or otherwise invalid traffic (*e.g.*, ads being seen by 'bots' or non-humans, ads not being viewable, etc.).

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION OF NOTICE PLAN AND NOTICES

where the readers could easily obtain detailed information about the case.  Examples of the Digital Notices are included as **Attachment 4** hereto.

### *Settlement Website*

24.     On October 5, 2023, Epiq established a dedicated website for the Settlement with an easy to remember domain name (www.flosportsvppasettlement.com).  Relevant documents are posted on the Settlement Website, including the Email Notice (English and Spanish), Long Form Notice (English and Spanish), Claim Form, Settlement Agreement, Preliminary Approval Order, and other important documents.  The Settlement Website also provides the ability for Settlement Class Members to file an online Claim Form.  In addition, the Settlement Website includes relevant dates, answers to frequently asked questions ("FAQs"), instructions for how Settlement Class Members may opt-out (request exclusion) from or object to the Settlement, contact information for the Settlement Administrator, and how to obtain other case-related information.  The Settlement Website address was prominently displayed in all notice documents.  The Email Notice in Spanish is included as **Attachment 5** hereto.  The Long Form Notice in English is included as **Attachment 6** hereto.  The Long Form Notice in Spanish is included as **Attachment 7** hereto. The Claim Form is included as **Attachment 8** hereto.

25.     As of November 30, 2023, there have been 28,594 unique visitor sessions to the Settlement Website, and 61,856 web pages have been presented.

### *Toll-Free Telephone Number and Other Contact Information*

26.     On October 5, 2023, Epiq established a toll-free telephone number (1-877-619-4778) for the Settlement.  Callers are able to hear an introductory message and also have the option to learn more about the Settlement in the form of recorded answers to FAQs, and to request that a Notice Package (Claim Form and Long Form Notice) be mailed to them.  As of November 30, 2023, Epiq has mailed 26 Notice Packages as a result of such requests.

27.     This automated telephone system is available 24 hours per day, 7 days per week.  The toll-free telephone number was prominently displayed in all notice documents.  As of November 30, 2023, there have been 131 calls to the toll-free telephone number representing 269 minutes of use.

28.     A postal mailing address was established and continues to be available to allow

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION OF NOTICE PLAN AND NOTICES

Settlement Class Members to contact the Settlement Administrator to request additional information or ask questions.

### *Requests for Exclusion and Objections*

29.     The initial deadline to request exclusion from the Settlement or to object to the Settlement was November 21, 2023.  In the *Joint Motion for Extension of Deadlines*, the deadline was extended to January 12, 2024.  As of November 30, 2023, I am aware of no requests for exclusion.  As of November 30, 2023, I am aware of no objections to the Settlement.

### *Claim Submission & Distribution Options*

30.     The Notices provided a detailed summary of the relevant information about the Settlement, including the Settlement Website address and how Settlement Class Members can file a Claim Form online or by mail prior to the claim filing deadline.  With any method of filing a Claim Form, Settlement Class Members have the option of receiving a digital payment or a traditional paper check.

31.     The initial deadline for Settlement Class Members to file a claim was December 22, 2023.  In the *Joint Motion for Extension of Deadlines*, the deadline was extended to February 12, 2024.  As of November 30, 2023, Epiq has received 10,926 Claim Forms (10,775 online and 151 paper).  Since the February 12, 2023, claim filing deadline has not yet passed, these numbers are preliminary.  As standard practice, Epiq is in the process of conducting a complete review and audit of all Claim Forms received.  There is a likelihood that after detailed review, the total number of Claim Forms received will change due to duplicate and denied Claim Forms.

### <u>CONCLUSION</u>

32.     In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal and local rules and statutes, and further by case law pertaining to notice.  This framework directs that the notice plan be optimized to reach the greatest practicable number of potential class members and, in a settlement class action notice situation such as this, that the notice or notice plan itself not limit knowledge of the availability of benefits—nor the ability to exercise other options—to settlement class members in any way.  All of these requirements were met in this case.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION OF NOTICE PLAN AND NOTICES

33.     The Notice Plan included an extensive individual notice effort to the identified Settlement Class Members, and supplemental digital/internet notices.  With the email address updating protocols that were used, the Notice Plan individual notice efforts reach approximately 97.2% of the identified Settlement Class Members.  The reach was further enhanced by a Settlement Website.  In 2010, the Federal Judicial Center ("FJC") issued a *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide,* which is relied upon for federal cases, and is illustrative for state court courts.  This Guide states that, "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class.  It is reasonable to reach between 70–95%."[4]  Here, we have developed and implemented a Notice Plan that readily achieved a reach beyond the high end of that standard.

34.     The Notice Plan followed the guidance for satisfying due process obligations that a notice expert gleans from the United States Supreme Court's seminal decisions, which emphasize the need: (a) to endeavor to actually inform the Settlement Class, and (b) to ensure that notice is reasonably calculated to do so:

a)     "[W]hen notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950); and

b)     "[N]otice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections,'" *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (quoting *Mullane*, 339 U.S. at 314).

35.     The Notice Plan provided the best notice practicable under the circumstances, conformed to all aspects of Federal Rule of Civil Procedure, Rule 23 regarding notice, comported with the guidance for effective notice articulated in the Manual for Complex Litigation, Fourth and applicable FJC materials, and satisfied the requirements of due process, including its "desire

---

[4] FED. JUDICIAL CTR, JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION OF NOTICE PLAN AND NOTICES

to actually inform" requirement.

I declare under penalty of perjury that the foregoing is true and correct.   Executed December 6, 2023.

_____
Cameron R. Azari, Esq.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION OF NOTICE
PLAN AND NOTICES

Attachment 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER J. FIORENTINO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLOSPORTS. INC.<br><br>Defendant. | Case No. 1:22-cv-11502 |

### <u>DECLARATION OF KYLE S. BINGHAM ON IMPLEMENTATION OF CAFA NOTICE</u>

I, KYLE S. BINGHAM, hereby declare and state as follows:

1.      My name is KYLE S. BINGHAM.  I am over the age of 25 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am the Director of Legal Noticing for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.  I have overseen and handled Class Action Fairness Act ("CAFA") notice mailings for more than 400 class action settlements.

3.      Epiq is a firm with more than 25 years of experience in claims processing and settlement administration.  Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs, coordination with the United States Postal Service ("USPS"), claims database management, claim adjudication, funds management and distribution services.

4.      The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

## CAFA NOTICE IMPLEMENTATION

5.      At the direction of counsel for Defendants FloSports, Inc., 57 federal and state officials (the Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories) were identified to receive CAFA notice.

6.      Epiq maintains a list of these federal and state officials with contact information for the purpose of providing CAFA notice.  Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

7.      On August 4, 2023, Epiq sent 57 CAFA Notice Packages ("Notice"). The Notice was mailed via USPS Certified Mail to 55 officials (the Attorneys General of 49 states, the District of Columbia, and the United States Territories).  As per the direction of the Office of the Nevada Attorney General, the Notice was sent to the Nevada Attorney General electronically via email. The Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States. The CAFA Notice Service List (USPS Certified Mail, Email, and UPS) is included as **Attachment 1**.

8.      The materials sent to the federal and state officials included a Cover Letter, which provided notice of the proposed Settlement of the above-captioned case.  The Cover Letter is included as **Attachment 2**.

9.      The cover letter was accompanied by a CD, which included the following:

   a.      **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:**

   - Class Action Complaint (filed September 13, 2022); and

   - Amended Class Action Complaint (November 23, 2022).

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

    b.       **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:**

- Claim Form *(Exhibit A to the Class Action Settlement Agreement)*;

- Email Notice *(Exhibit B to the Class Action Settlement Agreement)*; and

- Long Form Notice *(Exhibit C to the Class Action Settlement Agreement)*.

    c.       **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** The following documents were included:

- Plaintiff's Notice of Motion and Unopposed Motion For Preliminary Approval of Class Action Settlement;

- Plaintiffs' Memorandum in Support of Unopposed Motion For Preliminary Approval of Class Action Settlement;

- Class Action Settlement Agreement;

- Joint Declaration of Rachel Geman and Hank Bates in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement;

    o Lieff Cabraser Firm Resume (*Exhibit 1 to Joint Declaration*);

    o Carney, Bates & Pulliam Resume (*Exhibit 2 to Joint Declaration*);

- Declaration of Cameron R. Azari, Esq. on Notice Plan and Notices; and

- [Proposed] Preliminary Approval Order;

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 4, 2023.

_KYLE S. BINGHAM_

KYLE S. BINGHAM

DECLARATION OF KYLE S. BINGHAM ON IMPLEMENTATION OF CAFA NOTICE

# **Attachment 1**

CAFA Notice Service List
USPS Certified Mail

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Treg Taylor | 1031 W 4th Ave | Suite 200 | Anchorage | AK | 99501 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36104 |
| Office of the Attorney General | Tim Griffin | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Kris Mayes | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Protection Section | 455 Golden Gate Ave Suite 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway Fl 10 | Denver | CO | 80203 |
| Office of the Attorney General | William Tong | 165 Capitol Ave | | Hartford | CT | 06106 |
| Office of the Attorney General | Brian Schwalb | 400 6th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Anne E Lopez | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Brenna Bird | Hoover State Office Building | 1305 E Walnut St | Des Moines | IA | 50319 |
| Office of the Attorney General | Raul Labrador | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 100 W Randolph St | | Chicago | IL | 60601 |
| Office of the Indiana Attorney General | Todd Rokita | Indiana Government Center South | 302 W Washington St Rm 5 | Indianapolis | IN | 46204 |
| Office of the Attorney General | Kris Kobach | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Daniel Cameron | 700 Capitol Ave Suite 118 | | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Andrea Campbell | 1 Ashburton Pl 20th Fl | | Boston | MA | 02108 |
| Office of the Attorney General | Anthony G Brown | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO BOX 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St Ste 1400 | | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Andrew Bailey | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| Mississippi Attorney General | Lynn Fitch | PO Box 220 | | Jackson | MS | 39205 |
| Office of the Attorney General | Austin Knudsen | 215 N Sanders 3rd Fl | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Drew H Wrigley | 600 E Boulevard Ave Dept 125 | | Bismarck | ND | 58505 |
| Nebraska Attorney General | Mike Hilgers | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | John Formella | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Matthew J Platkin | 25 Market Street | PO Box 080 | Trenton | NJ | 08625 |
| Office of the Attorney General | Raul Torrez | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | CAFA Coordinator | 28 Liberty Street 15th Floor | | New York | NY | 10005 |
| Office of the Attorney General | Dave Yost | 30 E Broad St Fl 14 | | Columbus | OH | 43215 |
| Office of the Attorney General | Gentner Drummond | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Michelle A. Henry | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Marty Jackley | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Jonathan Skrmetti | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | PO Box 12548 | | Austin | TX | 78711 |
| Office of the Attorney General | Sean D Reyes | PO Box 142320 | | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Jason S Miyares | 202 N 9th St | | Richmond | VA | 23219 |
| Office of the Attorney General | Charity R Clark | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 5th Ave Ste 2000 | | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex Bldg 1 Room E 26 | 1900 Kanawha Blvd E | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 109 State Capital | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Fainu'ulei Falefatu Ala'ilima-Utu | American Samoa Gov't Exec Ofc Bldg Utulei | Territory of American Samoa | Pago Pago | AS | 96799 |
| Attorney General Office of Guam | Douglas Moylan | Administrative Division | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| PR Department of Justice | Domingo Emanuelli Hernández | PO Box 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Ariel K Smith | 3438 Kronprindsens Gade Ste 2 | GERS BLDG | St Thomas | VI | 00802 |

**CAFA Notice Service List**

**Email**

| Company | Contact Format | State |
|---|---|---|
| Office of the Attorney General for Nevada | All documents sent to NV AG at their dedicated CAFA email inbox. | NV |

**CAFA Notice Service List**

**UPS**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| US Department of Justice | Merrick B. Garland | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |

# **Attachment 2**

**CAFA NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

August 4, 2023

**VIA UPS OR USPS CERTIFIED MAIL**

| **Class Action Fairness Act – Notice to Federal and State Officials** |
| --- |

Dear Federal and State Officials:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1715, please find enclosed information from Defendant FloSports, Inc. relating to the proposed settlement of a class action lawsuit.

- **Case:** *Fiorentino v. FloSports, Inc.*, Case No. 1:22-cv-11502-AGK.

- **Court:** United States District Court for the District of Massachusetts Eastern Division.

- **Defendant:** FloSports, Inc.

- **Documents Enclosed**: In accordance with the requirements of 28 U.S.C. § 1715, please find copies of the following documents associated with this action on the enclosed CD:

  1. **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:**

     a. Class Action Complaint (filed September 13, 2022); and

     b. Amended Class Action Complaint (November 23, 2022).

  2. **Per 28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:** The Court has scheduled a preliminary approval hearing for August 23, 2023 at 11:30 a.m.

  3. **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:**

     a. Claim Form *(Exhibit A to the Class Action Settlement Agreement)*;

     b. Email Notice *(Exhibit B to the Class Action Settlement Agreement)*; and

     c. Long Form Notice *(Exhibit C to the Class Action Settlement Agreement)*.

  4. **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** The following documents are included:

     - Plaintiff's Notice of Motion and Unopposed Motion For Preliminary Approval of Class Action Settlement;

     - Plaintiffs' Memorandum in Support of Unopposed Motion For Preliminary Approval of Class Action Settlement;

**CAFA NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

- Class Action Settlement Agreement;

- Joint Declaration of Rachel Geman and Hank Bates in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement;

  o Lieff Cabraser Firm Resume (*Exhibit 1 to Joint Declaration*);

  o Carney, Bates & Pulliam Resume (*Exhibit 2 to Joint Declaration*);

- Declaration of Cameron R. Azari, Esq. on Notice Plan and Notices; and

- [Proposed] Preliminary Approval Order;

5. **Per 28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreements:**  There are no other Settlements or Agreements between the parties.

6. **Per 28 U.S.C. § 1715(b)(6) – Final Judgment or Notice of Dismissal:**  To date, the Court has not issued a final order, judgment or dismissal in the above-referenced action.

7. **Per 28 U.S.C. § 1715(b)(7) – Estimate of Class Members:** At this time, the defendant does not know and cannot feasibly determine the names of the class members residing in each state, and therefore cannot feasibly estimate the proportionate share of the claims of such members to the entire settlement pursuant to 28 U.S.C. §1715(b)(7)(A) and (B).

8. **28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:**  To date, the Court has not issued a final order or judgment in the above-referenced action.

If you have questions or concerns about this notice or the enclosed materials, please contact this office.

Sincerely,

CAFA Notice Administrator

Enclosures

Attachment 2

From: FloSports VPPA Settlement Administrator <noreply@flosportsvppasettlement.com>                Subject: Legal Notice of Class Action Settlement

Click here to view this message in a browser window.

Unique ID: ▮▮▮▮▮▮▮▮

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Fiorentino v. FloSports, Inc.*, Case No. 1:22-cv-11502-AK
**(United States District Court for the District of Massachusetts)**

**Our Records Indicate You May Be Entitled to a Payment from a Class Action Settlement Because You Subscribed or Signed Up for Access to FloSports.**

**Click HERE To File A Claim for a Cash Payment**

**Claims Must be Submitted no later than December 22, 2023.**
***A court authorized this Notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.***

This Notice is to inform you that a settlement has been reached in a class action lawsuit claiming that Defendant, FloSports Inc. ("FloSports"), disclosed its subscribers' personally identifiable information to Facebook via the Facebook Tracking Pixel, without its subscribers' consent, in violation of the Video Privacy Protection Act (the "VPPA"). Personally identifiable information includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. FloSports denies that it violated any law but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**<u>Am I a Settlement Class Member?</u>** Records indicate you may be a Settlement Class Member. Settlement Class Members are all individuals residing in the United States who, from September 13, 2020, to and through August 23, 2023: (1) is or was a Facebook user; (2) subscribed or otherwise signed up for access to FloSports' services; and (3) requested or obtained any prerecorded (including on-demand replay) videos available on any FloSports website.

**<u>What Can I Get?</u>** If approved by the Court, FloSports will create a Settlement Fund of **$2,625,000** for the benefit of the Settlement Class. The Settlement Fund will be distributed to Settlement Class Members who file a timely and complete claim on a *pro rata* basis (meaning equal share), after deducting any Court-approved attorneys' fees and expenses, Service Award for the Class Representative, and costs of settlement administration (including payment of any associated taxes).

The Settlement also requires FloSports to suspend operation of the Facebook Tracking Pixel on any pages on its website that both include video content and have a URL that identifies the video content viewed, unless and until the VPPA were to be: (a) amended to expressly permit (and not prohibit) the Released Claims, (b) repealed, or (c) invalidated by a judicial decision on the use of website pixel technology by the United States Supreme Court or the First Circuit Court of Appeals, or until FloSports obtains VPPA-compliant consent for the disclosure to Facebook of the video content viewed.

**<u>How Do I Get a Payment?</u>** You must submit a timely and complete Claim Form **no later than December 22, 2023**. You can file a claim by clicking here. Your payment will come by check unless you elect to receive payment electronically by PayPal or Venmo.

**<u>What Are My Other Options?</u>** You may exclude yourself from the Settlement Class by sending a letter to the Settlement Administrator no later than **November 21, 2023**. If you exclude yourself, you cannot get a settlement payment, but you will keep any rights you may have to sue FloSports regarding the issues in the lawsuit. You may object to the proposed settlement, and you and/or your lawyer have the right to appear before the Court. Your written objection must be filed no later than **November 21, 2023**. Specific instructions about how to exclude yourself from, or object to, the Settlement are available here. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the

Court's orders and judgments. In addition, your claims against FloSports relating to issues in this case will be released.

**Who Represents Me?** The Court has appointed lawyers Hank Bates, Carney Bates & Pulliam PLLC, 519 W. 7th Street, Little Rock, AR 72201; and Rachel J. Geman Lieff Cabraser Heimann & Bernstein LLP, 250 Hudson Street, 8th Floor, New York, NY 10013, to represent the Settlement Class. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at 2:30 p.m. on January 5, 2024, in Courtroom 8 at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for a Service Award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form, and Settlement Agreement, go here, contact the Settlement Administrator at 1-877-619-4778, write to FloSports VPPA Settlement Administrator, P.O. Box 2138, Portland, OR 97208-2138, or call Class Counsel at 1-888-551-9944 or 1-800-541-7358.

AJ265 v.02

Copyright © 2023 {{Account.COMPANY}}
Our address is {{Account.BIZ_ADDRESS}}

If you do not wish to receive future email, click here.
(You can also send your request to **Customer Care** at the street address above.)

# Attachment 3

## Legal Notice of Class Action Settlement

FloSports VPPA Settlement Administrator <noreply@fiorentinovideoprivacysettlement.com>

To ███████████████████████████████

---

Unique ID: ████████████

United States District Court for the District of Massachusetts

**Our Records Show You May Be Eligible for a Payment from a Class Action Settlement Because You Subscribed or Signed Up for Access to FloSports.**

*A court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

A settlement has been reached in a class action lawsuit claiming that Defendant, FloSports Inc., disclosed its subscribers' personally identifiable information to Facebook, without its subscribers' consent, in violation of the Video Privacy Protection Act (the "VPPA"). Defendant denies that it violated any law but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

Personally identifiable information includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider.

**How Do I Receive a Payment?** You can file a claim available **here**. You must submit your Claim Form **by February 12, 2024**. You can choose to receive an electronic payment or you will receive a check.

**Who is a Settlement Class Member?** Records indicate you may be a Settlement Class Member. Settlement Class Members are all individuals residing in the United States who, from September 13, 2020, to and through August 23, 2023: (1) is or was a Facebook user; (2) subscribed or otherwise signed up for access to Defendant's services; and (3) requested or obtained any prerecorded (including on-demand replay) videos available on any FloSports website.

**What Can I Receive?** If approved by the Court, Defendants will create a Settlement Fund of **$2,625,000** for the benefit of the Settlement Class. The Settlement Fund will be distributed to Settlement Class Members who file a timely and complete claim on a *pro rata* basis (meaning equal share), after subtracting any Court-approved attorneys' fees and expenses, Service Award for the Class Representative, and costs of settlement administration (including payment of any associated taxes).

In addition, the Settlement requires Defendant to suspend operation of the Facebook Tracking Pixel on any pages on its website that both include video content and have a URL that identifies the video content viewed, unless and until the VPPA were to be: (a) amended to expressly permit (and not prohibit) the Released Claims, (b) repealed, or (c) invalidated by a judicial decision on the use of website pixel technology by the United States Supreme Court or the First Circuit Court of Appeals, or until Defendant obtains VPPA-compliant consent for the disclosure of the video content viewed.

**Do I Have Other Options?** You may exclude yourself from the Settlement Class by sending a letter to the Settlement Administrator no later than **January 12, 2024**. If you exclude yourself, you cannot get anything from

the settlement, but you will keep any rights you may have to sue Defendant regarding the issues in the lawsuit. You may object to the proposed settlement, and you and/or your lawyer have the right to appear before the Court. Your written objection must be filed no later than **January 12, 2024**. Specific instructions about how to exclude yourself from, or object to, the Settlement are available here. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments and release your claims against Defendant relating to issues in this case.

**Who Are the Attorneys Representing the Settlement Class?** Lawyers Hank Bates, Carney Bates & Pulliam PLLC, 519 W. 7th Street, Little Rock, AR 72201; and Rachel J. Geman Lieff Cabraser Heimann & Bernstein LLP, 250 Hudson Street, 8th Floor, New York, NY 10013, have been appointed by the Court to represent the Settlement Class. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Review the Proposed Settlement?** The Court will hold the Final Approval Hearing at 11:00 a.m. on March 1, 2024, in Courtroom 8 at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. The Court will decide whether to approve: (1) the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; (2) Class Counsel's request for attorneys' fees and expenses; and (3) a Service Award to the Class Representative. Also, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement at the hearing.

**How Do I Get Additional Information?** For more information, including the detailed Notice, Claim Form, and Settlement Agreement, go here, call the Settlement Administrator at 1-877-619-4778, write to FloSports VPPA Settlement Administrator, P.O. Box 2138, Portland, OR 97208-2138, or contact Class Counsel at 1-800-541-7358 or 1-888-551-9944.

AJ493_v03

You are subscribed to this email as ███████████████████████

Click here to modify your preferences or unsubscribe.

Attachment 4

  

# Report: Justin Fields is expected to start Sunday

By Josh Alper • Published November 15, 2023 07:41 AM



It appears that safety Jaquan Brisker isn't the only person who thinks quarterback Justin Fields is ready to return to the Bears starting lineup.

Ian Rapoport of NFL Media reports that Fields is expected to start against the Lions this Sunday. Fields has missed the last four games with a right thumb injury that impacted his ability to grip the ball, but practiced all of last week and on Monday.

Those practices were limited sessions and head coach Matt Eberflus said on Monday that he wants to see Fields go through team drills on Wednesday before making any official determinations on his status.

Returning this week would give Fields seven games to show what he can do before the year is out. The Bears own the Panthers' first-round pick as well as their own, so they are likely to have two high picks in the first round and that makes them a likely landing spot for a quarterback. Fields may not be able to change that, but a good showing down the stretch could help open up options elsewhere in the league when and if the Bears decide to move on.



Did you subscribe or sign up for access to FloSports? You may be entitled to a payment from a Class Action Settlement.



On Our Way Home
Check out the latest book from Mike Florio on-sale now!

Order Here

**PFT Top Stories**

Browns announce season-ending shoulder injury for Deshaun Watson
Mike Florio • 25m

Report: Justin Fields is expected to start Sunday
Josh Alper • 1h

Jaquan Brisker: Justin Fields "definitely looks good," ready to go this week
Josh Alper • 3h

Andy Reid: Chiefs being cautious with Kadarius Toney to ensure he stays healthy
Michael David Smith • 4h

Aaron Rodgers defends Nathaniel Hackett against criticism of Jets' offense
Mike Florio • 13h



Click here to file a Claim for a cash payment.
www.FloSportsVPPA
Settlement.com

PFT    Rumor Mill    Teams ▾    Watch    Podcasts ▾    More Sports ▾



# Report: Justin Fields is expected to start Sunday

By **Josh Alper** • Published November 15, 2023 07:41 AM



It appears that safety Jaquan Brisker isn't the only person who thinks quarterback Justin Fields is ready to return to the Bears starting lineup.

Ian Rapoport of NFL Media reports that Fields is expected to start against the Lions this Sunday. Fields has missed the last four games with a right thumb injury that impacted his ability to grip the ball, but practiced all of last week and on Monday.

Those practices were limited sessions and head coach Matt Eberflus said on Monday that he wants to see Fields go through team drills on Wednesday before making any official determinations on his status.

Returning this week would give Fields seven games to show what he can do before the year is out. The Bears own the Panthers' first-round pick as well as their own, so they are likely to have two high picks in the first round and that makes them a likely landing spot for a quarterback. Fields may not be able to change that, but a good showing down the stretch



**On Our Way Home**
Check out the latest book from Mike Florio on-sale now!

Order Here

**PFT Top Stories**

● Browns announce season-ending shoulder injury for Deshaun Watson
Mike Florio ● 25m

● Report: Justin Fields is expected to start Sunday
Josh Alper ● 1h

● Jaquan Brisker: Justin Fields "definitely looks good," ready to go this week
Josh Alper ● 3h

● Andy Reid: Chiefs being cautious with Kadarius Toney to ensure he stays healthy
Michael David Smith ● 4h

 AccuWeather has the scoop on disruptive weather ahead for Thanksgiving travel. Click for more.

 Unseasonable warmth to surge into Northeast ahead of late-week coastal storm. Get the forecast.

**AccuWeather**  Chicago, IL  49°

Search    Location

TODAY    HOURLY    DAILY    RADAR    MINUTECAST    MONTHLY    AIR QUALITY    HEALTH & ACTIVITIES



$159.99    $199.99    $160.00    $229.99

CURRENT WEATHER
8:35 AM



49° F
RealFeel® 50°

Sunny

| | |
|---|---|
| RealFeel Shade™ | 50° |
| Air Quality | Poor |
| Wind | SW 5 mph |
| Wind Gusts | 10 mph |

MORE DETAILS →

CURRENT AIR QUALITY

TODAY
11/15



53
AQI

Poor

The air has reached a high level of pollution and is unhealthy for sensitive groups. Reduce time spent outside if you are feeling symptoms such as difficulty breathing or throat irritation.
Based on Current Pollutants

More Details →

Learn more at
🌐 plume labs

Health & Activities



| Dust & Dander | Sinus Pressure | Fishing |
|---|---|---|
| High | High | Good |

See all →

AdChoices ▷|✕
Did you subscribe or sign up for access to FloSports?
You may be entitled to a payment from a Class Action Settlement.
Click here to file a Claim for a cash payment.
www.FloSportsVPPA Settlement.com



Top Stories

WEATHER FORECASTS
Warmth to build in Northeast ahead of late-week coastal storm
3 hours ago


TRAVEL
Thanksgiving travelers may face delays due to rain, snow
1 hour ago


WEATHER FORECASTS
Big storm to instigate rounds of rain, mountain snow in




| NHL | Nov 14 | | Final |  | Final |  | Final |  | Final |  | Final |  | Final/OT |  | Final |  |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  | BOS | 5 | CGY | 2 | WSH | 3 | STL | 5 | ARI | 3 | NJ |  |
|  |  |  | BUF | 2 | MTL | 1 | CBJ | 3 | NSH | 2 | DAL | 4 | WPG |  |

Full Scoreboard »

NFL   NCAAF   NBA   NHL   MLB   Soccer   •••

ESPN+   Watch   Listen   Fantasy

NHL   Home   Scores   Schedule   Standings   Stats   Teams   Daily Lines   How To Watch NHL Games   Fantasy Hockey: Sign Up   Subscribe to ESPN+   More


Did you subscribe or sign up for access to FloSports? You may be entitled to a payment from a Class Action Settlement.

# NHL Scoreboard

<   SAT NOV 11   SUN NOV 12   MON NOV 13   TUE NOV 14   WED NOV 15   THU NOV 16   FRI NOV 17   >

Odds by ESPN BET

## Tuesday, November 14, 2023



**FINAL**

| | 1 | 2 | 3 | T |
|---|---|---|---|---|
| Bruins (12-1-2, 6-1-1 Away) | 3 | 2 | 0 | 5 |
| Sabres (7-8-1, 4-5-0 Home) | 0 | 1 | 1 | 2 |

Boston Bruins vs. Buffalo Sabres: Full Highlights

D. Pastrnak RW - BOS — 1 G, 2 A, +1
C. McAvoy D - BOS — 0 G, 2 A, +1
L. Ullmark G - BOS — 32 SV, .941 SV%

GAMECAST · BOX SCORE · HIGHLIGHTS

**FINAL**

| | 1 | 2 | 3 | T |
|---|---|---|---|---|
| Flames (5-8-2, 3-5-2 Away) | 0 | 2 | 0 | 2 |
| Canadiens (7-7-2, 5-5-0 Home) | 0 | 1 | 0 | 1 |

Andrew Mangiapane scores goal for Calgary Flames

J. Markstrom G - CGY — 34 SV, .971 SV%
C. Zary C - CGY — 1 G, 1 A, +2
J. Slafkovsky LW - MTL — 0 G, 1 A, +0

GAMECAST · BOX SCORE · HIGHLIGHTS

**FINAL**

| | 1 | 2 | 3 | T |
|---|---|---|---|---|
| Golden Knights (12-3-1, 4-2-0 Away) | 0 | 0 | 0 | 0 |
| Capitals (8-4-2, 5-3-1 Home) | 1 | 0 | 2 | 3 |

Beck Malenstyn scores goal for Washington Capitals

C. Lindgren G - WSH — 35 SV, 1.000 SV%
D. Strome C - WSH — 1 G, 0 A, +1
L. Thompson G - VGK — 26 SV, .933 SV%

GAMECAST · BOX SCORE · HIGHLIGHTS

**FINAL**

| | 1 | 2 | 3 | T |
|---|---|---|---|---|
| Penguins (8-6-0, 5-2-0 Away) | 1 | 1 | 3 | 5 |
| Blue Jackets (4-8-4, 3-5-1 Home) | 2 | 0 | 1 | 3 |

Crosby nets 16th career hat trick

S. Crosby C - PIT — 3 G, 1 A, +3
E. Karlsson D - PIT — 1 G, 1 A, +1
A. Texier C - CBJ — 1 G, 0 A, +0

GAMECAST · BOX SCORE · HIGHLIGHTS

**FINAL**

| | 1 | 2 | 3 | T |
|---|---|---|---|---|
| Lightning (6-6-4, 2-4-2 Away) | 0 | 0 | 0 | 0 |
| Blues (8-5-1, 6-2-0 Home) | 1 | 2 | 2 | 5 |

Jordan Kyrou nets goal vs. Lightning

J. Binnington G - STL — 30 SV, 1.000 SV%
J. Kyrou C - STL — 2 G, 0 A, +2
T. Krug D - STL — 0 G, 2 A, +2

GAMECAST · BOX SCORE · HIGHLIGHTS

**FINAL**

| | 1 | 2 | 3 | T |
|---|---|---|---|---|
| Ducks (9-8-0, 5-2-0 Away) | 0 | 1 | 2 | 3 |
| Predators (5-10-0, 3-4-0 Home) | 0 | 2 | 0 | 2 |

Urho Vaakanainen scores goal vs. Predators

F. Forsberg LW - NSH — 1 G, 0 A, +0
R. Josi D - NSH — 1 G, 0 A, +0
U. Vaakanainen D - ANA — 0 G, 2 A, +2

GAMECAST · BOX SCORE · HIGHLIGHTS

ESPN+ Hockey Night

**FINAL/OT**

| | 1 | 2 | 3 | OT | T |
|---|---|---|---|---|---|
| Coyotes (7-6-2, 3-4-2 Away) | 1 | 0 | 2 | 0 | 3 |

M. Duchene C - DAL
T. Seguin C - DAL

GAMECAST · BOX SCORE

### NHL Videos



Florida Panthers vs. San Jose Sharks: Full Highlights
Now Playing

Aleksander Barkov tallies goal vs. Sharks

Panthers score two quick goals



F1 ESPN
LAS VEGAS GRAND PRIX
SATURDAY 11:30 ET
ESPN  ESPN DEPORTES  ESPN+
ESPN COVERAGE PRESENTED BY Mercedes

### NHL News


**Which current NHL players will make the Hockey Hall of Fame?**
From the immortal locks to the veterans with work left to do to the under-24 players that already appear on track, here are our picks.
ESPN+ · 42m · Greg Wyshynski


**Blue Jackets take on the Coyotes on losing streak**
Arizona Coyotes (7-6-2, fifth in the Central Division) vs. Columbus Blue Jackets (4-8-4, eighth in the Metropolitan Division)
5h


**Red Wings head to the Senators in Atlantic Division play**
Detroit Red Wings (8-5-2, third in the Atlantic Division) vs. Ottawa Senators (6-7, eighth in the Atlantic Division)
5h

NHL | Nov 14 | Full Scoreboard »

| Final | | | Final | | | Final | | | Final | | | Final | | | Final/OT | | | Final | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BOS | 5 | | CGY | 2 | | WSH | 0 | | STL | 5 | | ANA | 3 | | ARI | 3 | | NJ | 1 |
| BUF | 2 | | MTL | 1 | | CBJ | 3 | | NSH | 5 | | | 2 | | DAL | 4 | | WPG | 5 |

NHL    Home    Scores    Schedule    Standings    Stats    Teams    Daily Lines    How To Watch NHL Games    Fantasy Hockey: Sign Up    Subscribe to ESPN+    More

Click here to file a Claim for a cash payment.
www.FloSportsVPPASettlement.com

# NHL Scoreboard

Odds by ESPN BET

SAT NOV 11 | SUN NOV 12 | MON NOV 13 | TUE NOV 14 | WED NOV 15 | THU NOV 16 | FRI NOV 17

## Tuesday, November 14, 2023

**FINAL**

| | 1 | 2 | 3 | T |
|---|---|---|---|---|
| Bruins (12-1-2, 6-1-1 Away) | 3 | 2 | 0 | 5 |
| Sabres (7-8-1, 4-5-0 Home) | 0 | 1 | 1 | 2 |



Boston Bruins vs. Buffalo Sabres: Full Highlights

D. Pastrnak RW - BOS — 1 G, 2 A, +1 — GAMECAST
C. McAvoy D - BOS — 0 G, 2 A, +1 — BOX SCORE
L. Ullmark G - BOS — 32 SV, .941 SV% — HIGHLIGHTS

**FINAL**

| | 1 | 2 | 3 | T |
|---|---|---|---|---|
| Flames (5-8-2, 3-5-2 Away) | 0 | 2 | 0 | 2 |
| Canadiens (7-7-2, 5-5-0 Home) | 0 | 1 | 0 | 1 |

Andrew Mangiapane scores goal for Calgary Flames

J. Markstrom G - CGY — 34 SV, .971 SV% — GAMECAST
C. Zary C - CGY — 1 G, 1 A, +2 — BOX SCORE
J. Slafkovsky LW - MTL — 0 G, 1 A, +0 — HIGHLIGHTS

**FINAL**

| | 1 | 2 | 3 | T |
|---|---|---|---|---|
| Golden Knights (12-3-1, 4-2-0 Away) | 0 | 0 | 0 | 0 |
| Capitals (8-4-2, 5-3-1 Home) | 1 | 0 | 2 | 3 |

Beck Malenstyn scores goal for Washington Capitals

C. Lindgren G - WSH — 35 SV, 1.000 SV% — GAMECAST
D. Strome C - WSH — 1 G, 0 A, +1 — BOX SCORE
L. Thompson G - VGK — 28 SV, .933 SV% — HIGHLIGHTS

**FINAL**

| | 1 | 2 | 3 | T |
|---|---|---|---|---|
| Penguins (8-6-0, 5-2-0 Away) | 1 | 1 | 3 | 5 |
| Blue Jackets (4-8-4, 3-5-1 Home) | 2 | 0 | 1 | 3 |

Crosby nets 16th career hat trick

S. Crosby C - PIT — 3 G, 1 A, +3 — GAMECAST
E. Karlsson D - PIT — 1 G, 1 A, +1 — BOX SCORE
A. Texier C - CBJ — 1 G, 0 A, +0 — HIGHLIGHTS

**FINAL**

| | 1 | 2 | 3 | T |
|---|---|---|---|---|
| Lightning (6-6-4, 2-4-2 Away) | 0 | 0 | 0 | 0 |
| Blues (8-5-1, 6-2-0 Home) | 1 | 2 | 2 | 5 |

Jordan Kyrou nets goal vs. Lightning

J. Binnington G - STL — 30 SV, 1.000 SV% — GAMECAST
J. Kyrou C - STL — 2 G, 0 A, +2 — BOX SCORE
T. Krug D - STL — 0 G, 2 A, +2 — HIGHLIGHTS

**FINAL**

| | 1 | 2 | 3 | T |
|---|---|---|---|---|
| Ducks (9-6-0, 5-2-0 Away) | 0 | 1 | 2 | 3 |
| Predators (5-10-0, 3-4-0 Home) | 0 | 2 | 0 | 2 |

ESPN+ Hockey Night

Urho Vaakanainen scores goal vs. Predators

F. Forsberg LW - NSH — 1 G, 0 A, +0 — GAMECAST
R. Josi D - NSH — 1 G, 0 A, +0 — BOX SCORE
U. Vaakanainen D - ANA — 0 G, 2 A, +2 — HIGHLIGHTS

**FINAL/OT**

| | 1 | 2 | 3 | OT | T |
|---|---|---|---|---|---|
| Coyotes (7-6-2, 3-4-2 Away) | 0 | 0 | 2 | 0 | 3 |
| Stars (11-3-1, 4-2-0 Home) | 1 | 1 | 1 | 1 | 4 |

Tyler Seguin tallies goal vs. Coyotes

M. Duchene C - DAL — 1 G, 1 A, +2 — GAMECAST
T. Seguin C - DAL — 1 G, 1 A, +2 — BOX SCORE
L. Crouse LW - ARI — 1 G, 0 A, +2 — HIGHLIGHTS

## NHL Videos



Florida Panthers vs. San Jose Sharks: Full Highlights
*Now Playing*

▶ Aleksander Barkov tallies goal vs. Sharks

▶ Panthers score two quick goals


LAS VEGAS GRAND PRIX
FORMULA 1 HEINEKEN SILVER LAS VEGAS GRAND PRIX 2023
SATURDAY 11:30 ET
ESPN    ESPN DEPORTES    ESPN+
ESPN COVERAGE PRESENTED BY

## NHL News

**Which current NHL players will make the Hockey Hall of Fame?**
From the immortal locks to the veterans with work left to do to the under-24 players that already appear on track, here are our picks.
ESPN+ • 42m • Greg Wyshynski

**Blue Jackets take on the Coyotes on losing streak**
Arizona Coyotes (7-6-2, fifth in the Central Division) vs. Columbus Blue Jackets (4-8-4, eighth in the Metropolitan Division)
5h

**Red Wings head to the Senators in Atlantic Division play**
Detroit Red Wings (8-5-2, third in the Atlantic Division) vs. Ottawa Senators (6-7, eighth in the Atlantic Division)
5h

All NHL News


Did you subscribe or sign up for access to **FloSports**?
You may be entitled to a payment from
a Class Action Settlement.
Click here to file a Claim for a cash payment.
www.FloSportsVPPASettlement.com

  
Home  /  News  /  Sports News  /  Cleveland Browns QB Deshau…

# Cleveland Browns QB Deshaun Watson Out for the Rest of This Season With a Shoulder Fracture

Browns quarterback Deshaun Watson will miss the rest of this season after fracturing his right shoulder in Sunday's win over Baltimore

By Associated Press  |  Nov. 15, 2023, at 9:05 a.m.

 Save     Comment    



Cleveland Browns quarterback Deshaun Watson is tackled by Baltimore Ravens defensive tackle Travis Jones during the first half on an NFL football game Sunday, Nov. 12, 2023, in Baltimore. (AP


Up to 25% Off thru Nov 19


Stay in **Adventure** Mode With Ford Accessories
Optional equipment and available Ford Accessories shown.

**RECOMMENDED**

2024 Best Places to Retire 

Attachment 5

## AVISO DE PROPUESTA DE CONCILIACIÓN DE DEMANDA COLECTIVA
*Fiorentino v. FloSports, Inc.*, N.º de caso 1:22-cv-11502-AK
**(Tribunal de Distrito de los Estados Unidos para el Distrito de Massachusetts)**

**Nuestros registros indican que es posible que usted tenga derecho a un pago de una Conciliación de demanda colectiva porque se suscribió o se inscribió para acceder a FloSports.**

**Haga clic <u>AQUÍ</u> para presentar una reclamación de pago en efectivo**

**Las reclamaciones deben presentarse antes del 22 de diciembre de 2023.**
*Un tribunal autorizó este Aviso. <u>No</u> constituye una demanda en su contra. <u>No</u> se trata del ofrecimiento de un abogado.*

El objetivo de este Aviso es informarle que se ha acordado una conciliación en una demanda colectiva que afirma que el Demandado, FloSports Inc. ("FloSports"), divulgó la información de identificación personal de sus suscriptores a Facebook a través del píxel de seguimiento de Facebook, sin el consentimiento de sus suscriptores, en violación de la Ley de Protección de Privacidad de Videos (la "VPPA"). La información de identificación personal incluye información que identifica que una persona ha solicitado u obtenido materiales o servicios de video específicos de un proveedor de servicios de videos. FloSports niega haber violado alguna ley, pero ha aceptado la conciliación para evitar la incertidumbre y los gastos asociados con la continuación del caso.

**<u>¿Soy un Miembro del Grupo de Demandantes de la Conciliación?</u>** Los registros indican que usted puede ser un Miembro del Grupo de Demandantes de la Conciliación. Los Miembros del Grupo de Demandantes de la Conciliación son todas las personas que residen en los Estados Unidos y que, desde el 13 de septiembre de 2020 hasta el 23 de agosto de 2023: (1) son o fueron usuarios de Facebook; (2) se suscribieron o se inscribieron de otro modo para acceder a los servicios de FloSports; y (3) solicitaron u obtuvieron cualquier video pregrabado (incluida la reproducción bajo demanda) disponible en cualquier sitio web de FloSports.

**<u>¿Qué puedo recibir?</u>** Si el Tribunal lo aprueba, FloSports creará un Fondo de la Conciliación de **$2,625,000** para el beneficio del Grupo de Demandantes de la Conciliación. El Fondo de la Conciliación se distribuirá entre los Miembros del Grupo de Demandantes de la Conciliación que presenten una reclamación completa en forma oportuna como un pago en efectivo *prorrateado* (lo que significa en partes iguales) después de deducir los honorarios y gastos de abogados aprobados por el Tribunal, el pago por servicios para el Representante del Grupo de Demandantes y los costos de administración de la conciliación (incluido el pago de cualquier impuesto asociado).

La Conciliación también requiere que FloSports suspenda el funcionamiento del píxel de seguimiento de Facebook en cualquier página de su sitio web que incluya contenido de video y tenga una URL que identifique el contenido de video visto, a menos y hasta que la VPPA sea: (a) modificada para permitir expresamente (y no prohibir) las Reclamaciones Exoneradas, (b) derogada, o (c) invalidada por una decisión judicial sobre el uso de la tecnología de píxeles de sitios web por la Corte Suprema de los Estados Unidos o el Tribunal de Apelaciones del Primer Circuito, o hasta que FloSports obtenga un consentimiento conforme a la VPPA para la divulgación a Facebook del contenido de video visto.

**<u>¿Cómo recibo un pago?</u>** Debe presentar un Formulario de reclamación completo **antes del 22 de diciembre de 2023.** Puede presentar una reclamación haciendo clic **aquí**. Su pago se realizará mediante cheque a menos que elija recibir el pago electrónicamente por PayPal o Venmo.

**¿Qué otras opciones tengo?** Puede excluirse de del Grupo de Demandantes de la Conciliación enviando una carta al Administrador de la Conciliación antes del **21 de noviembre de 2023**. Si se excluye, no podrá recibir un pago de la conciliación, pero conservará todo derecho que pueda tener de demandar a FloSports con respecto a las cuestiones de la demanda. Usted puede objetar la conciliación propuesta, y usted y/o su abogado tienen el derecho de comparecer ante el Tribunal. Debe presentar su objeción escrita antes del **21 de noviembre de 2023**. Las instrucciones específicas sobre cómo excluirse de la Conciliación u objetarla están disponibles aquí. Si presenta una reclamación o no hace nada y el Tribunal aprueba la Conciliación, usted quedará obligado por todas las órdenes y sentencias del Tribunal. Además, sus reclamaciones contra FloSports relacionadas con los asuntos en este caso serán exoneradas.

**¿Quién me representa?** El Tribunal ha nombrado a los abogados Hank Bates, Carney Bates & Pulliam PLLC, 519 W. 7th Street, Little Rock, AR 72201; y Rachel J. Geman, Lieff Cabraser Heimann & Bernstein LLP, 250 Hudson Street, 8th Floor, New York, NY 10013 para representar al Grupo de Demandantes de la Conciliación. Se los denomina "Abogados del Grupo de Demandantes". A usted no se le cobrarán los servicios de estos abogados. Si desea ser representado por su propio abogado en este caso, puede contratar uno por su propia cuenta.

**¿Cuándo considerará el Tribunal la Conciliación propuesta?** El Tribunal llevará a cabo la Audiencia de Imparcialidad Definitiva a las 2:30 p. m. del 5 de enero de 2024 en la Sala 8 de John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210. El propósito de la audiencia será que el Tribunal determine si aprueba la Conciliación como justa, razonable, adecuada y beneficiosa para el Grupo de Demandantes de la Conciliación; si considera la solicitud de los Abogados del Grupo de Demandantes de recibir el pago por honorarios y gastos, y si considera la solicitud de un Pago por servicio para el Representante del Grupo de Demandantes. En esta audiencia, el tribunal estará dispuesto a escuchar objeciones y argumentos respecto de la imparcialidad de la Conciliación.

**¿Cómo puedo obtener más información?** Para obtener más información, incluyendo el Aviso completo, el Formulario de Reclamación y el Acuerdo de Conciliación, visite aquí, comuníquese con el Administrador de la Conciliación al 1-877-619-4778, escriba a FloSports VPPA Settlement Administrator, P.O. Box 2138, Portland, OR 97208-2138, o llame al Abogado del Grupo de Demandantes al 1-888-551-9944 o al 1-800-541-7358.

Attachment 6

United States District Court for the District of Massachusetts
*Fiorentino v. FloSports, Inc.*, Case No. 1:22-cv-11502-AK

# Records Indicate You May Be Entitled to a Payment from a Class Action Settlement Because You Subscribed or Signed Up for Access to FloSports

**Claims Must be Submitted no later than December 22, 2023**

*A court authorized this notice.  You are <u>not</u> being sued.  This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against FloSports, Inc. ("FloSports"). The class action lawsuit alleges FloSports disclosed its subscribers' personally identifiable information ("PII") to Facebook via the Facebook Tracking Pixel, without its subscribers' consent, in violation of the Video Privacy Protection Act ("VPPA"). The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. FloSports denies that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

- You are included in the Settlement Class if you are an individual residing in the United States who, from September 13, 2020, to and through August 23, 2023: (1) is or was a Facebook user; (2) subscribed or otherwise signed up for access to FloSports' services; and (3) requested or obtained any prerecorded (including on-demand replay) videos available on any FloSports website.

- Individuals included in the Settlement will be eligible to receive cash payment *pro rata* (meaning equal) portion of the Net Settlement Fund. The Settlement also requires Defendant to suspend operation of the Facebook Tracking Pixel on any pages on its website that both include video content and have a URL that identifies the video content viewed, unless and until the VPPA were to be: (a) amended to expressly permit (and not prohibit) the Released Claims, (b) repealed, or (c) invalidated by a judicial decision on the use of website pixel technology by the United States Supreme Court or the First Circuit Court of Appeals, or until FloSports obtains VPPA-compliant consent for the disclosure to Facebook of the video content viewed.

- Read this notice carefully. Your legal rights are affected whether you act, or do not act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **SUBMIT A CLAIM FORM BY DECEMBER 22, 2023** | This is the only way to receive a cash payment. A Claim Form is available at www.FloSportsVPPASettlement.com. As a Settlement Class Member, you will give up your rights to sue FloSports in the future regarding the claims in this case. |
| **EXCLUDE YOURSELF BY NOVEMBER 21, 2023** | You will receive no benefits, but you will retain any rights you currently have to sue FloSports regarding the claims in this case. |
| **OBJECT BY NOVEMBER 21, 2023** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING ON JANUARY 5, 2024** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue FloSports regarding the claims in this case. |

Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

**Questions? Visit www.FloSportsVPPASettlement.com or call 1-877-619-4778**

## BASIC INFORMATION

### 1.  Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Angel Kelley, of the U.S. District Court for the District of Massachusetts, is overseeing this case. The case is called *Fiorentino v. FloSports, Inc.*, Case No. 1:22-cv-11502-AK. The person who has sued is called the Plaintiff. The entity being sued, FloSports, is called the Defendant.

### 2. What is a class action?

In a class action, one or more people called the class representatives (in this case, Plaintiff Christopher J. Fiorentino) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the class.

### 3. What is this lawsuit about?

This lawsuit claims that FloSports violated the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.* ("VPPA") by disclosing its subscribers' personally identifiable information ("PII") to Facebook via the Facebook Tracking Pixel without consent. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. FloSports denies that it violated any law. The Court has not determined who is right. Rather, the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or FloSports should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Settlement Class Members will get compensation.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Settlement Class is defined as:

All individuals residing in the United States who, from September 13, 2020, to and through August 23, 2023: (1) are or have been Facebook users; (2) subscribed or otherwise signed up for access to FloSports' services; and (3) requested or obtained any prerecorded (including on-demand replay) videos available on any FloSports website.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

*Monetary Relief*: FloSports will pay $2,625,000.00 to create a Settlement Fund.

*Prospective Changes*:  In addition to this monetary relief, the Settlement also requires FloSports to suspend operation of the Facebook Tracking Pixel on any pages on its website that both include video content and have a URL that identifies the video content viewed, unless and until the VPPA were to be: (a) amended to expressly permit (and not prohibit) the Released Claims, (b) repealed, or (c) invalidated by a judicial decision on the use of website pixel technology by the United States Supreme Court or the First Circuit Court of Appeals, or until FloSports obtains VPPA-compliant consent for the disclosure to Facebook of the video content viewed.

A detailed description of the settlement benefits can be found in the Settlement Agreement available at www.FloSportsVPPASettlement.com.

### 7. How much will my payment be?

After deducting any Court-approved attorneys' fees and expenses, service award for the class representative, and costs of settlement administration (including payment of any associated taxes), the Settlement Fund will be distributed to Settlement Class Members as a cash payment on a *pro rata* basis (meaning equal share). This means each Settlement Class Member who submits a valid claim will be paid an equal share from the Net Settlement Fund. The amount of the payments to individual Settlement Class Members will depend on the number of valid claims that are filed.  Because the final payment amount cannot be calculated before all claims are received and verified, it will not be possible to provide an accurate estimate of the payment amount before the deadline to file claims.

### 8. When will I get my payment?

The Court will hold a hearing to consider the fairness of the settlement on January 5, 2024. If the Court approves the settlement, eligible Settlement Class Members whose claims were approved by the Settlement Administrator will receive their payment within 90 days after the Settlement has been finally approved and/or any appeals process is complete. In submitting their claims, Settlement Class Members can choose whether to receive their payment via PayPal, Venmo, or paper check. All checks will expire and become void unless cashed within 180 days after the date of issuance.

## HOW TO GET BENEFITS

### 9. How do I get a payment?

If you are a Settlement Class Member and you want to receive a payment, you **must** complete and submit a Claim Form postmarked by **December 22, 2023**. Claim Forms can be found and submitted at www.FloSportsVPPASettlement.com, or by printing and mailing a paper Claim Form, copies of which are available for download at www.FloSportsVPPASettlement.com.

Settlement Class Members are encouraged to submit claims online. Not only is it easier and more secure, but it is completely free and takes only minutes!

Questions? Visit www.FloSportsVPPASettlement.com or call 1-877-619-4778

3

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Settlement Class?

If the Settlement becomes final, you will give up (or "release") your rights to sue FloSports and certain of its affiliates (Released Parties) regarding the Released Claims, which are described and defined in Paragraphs 1.25 and 1.26 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you will release the Released Claims, regardless of whether you submit a claim or not. You may access the Settlement Agreement through the "court documents" link on the website.

The Settlement Agreement describes the Released Claims with specific descriptions, so read it carefully. If you have any questions you may speak to the lawyers listed in Question 12 for free or you may, of course, speak to your own lawyer.

### 11. What happens if I do nothing at all?

If you do nothing, you will not receive any monetary benefit (cash payment) from this Settlement. Further, if you do not exclude yourself, you will be unable to start a lawsuit or be part of any other lawsuit brought against FloSports regarding the Released Claims.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in the case?

The Court has appointed Rachel Geman (Lieff Cabraser Heimann & Bernstein LLP), and Hank Bates (Carney Bates & Pulliam PLLC) to be the attorneys representing the Settlement Class. They are called "Class Counsel." After conducting an extensive investigation, they believe that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

### 13. How will the lawyers be paid?

Class Counsel's attorneys' fees, costs, and expenses will be paid from the Settlement Fund in an amount determined and awarded by the Court. Class Counsel will ask for no more than one-third of the $2.625 million Settlement Fund, but the Court may award less than this amount.

Class Counsel may also seek a Service Award of up to $2,000.00 for the Class Representative for his service in helping to bring and settle the case. The Service Award will be paid out of the Settlement Fund, but the Court may award less than this amount.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I get out of the Settlement?

To exclude yourself from the Class, you must mail or otherwise deliver a letter stating that you want to be excluded. Your letter must include:

    a.  The name and number of this case, *Fiorentino v. FloSports, Inc.,* Case No. 1:22-cv-11502-AK;

    b.  Your full name and mailing address;

    c.  A statement that you wish to be excluded; and

    d.  Your handwritten or electronically imaged written signature.

You must mail or deliver your exclusion letter, postmarked no later than **November 21, 2023** to:

FloSports VPPA Settlement Administrator Exclusions
P.O. Box 2138
Portland, OR 97208-2138

No "mass" or "class" opt-outs will be allowed.

## 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue FloSports for the Released Claims being resolved by this Settlement.

## 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you may not submit a Claim Form to receive a monetary benefit (cash payment).

## OBJECTING TO THE SETTLEMENT

## 17. How do I object to the Settlement?

If you're a Settlement Class Member, you may ask the Court to deny approval by filing an objection. You may object to any aspect of the Settlement, Class Counsel's request for attorneys' fees and expenses, or the request for a Service Award. You can give reasons why you think the Court should not give its approval. The Court will consider your views.

If you choose to make an objection, you must mail or file with the Court a letter or brief stating that you object to the Settlement. Your letter or brief must include:

The name and number of this case, *Fiorentino v. FloSports, Inc.,* Case No. 1:22-cv-11502-AK;

    a. Your full name and mailing address;

    b. An explanation of the basis upon which you claim to be a Settlement Class Member, including information sufficient to identify your current Facebook page or a screenshot showing that you were a Facebook member during the class period;

    c. An explanation of any and all your reasons for your objections, including citations to legal authority and supporting evidence, and attaching any materials you rely on for your objections;

    d. The name and contact information of any and all lawyers representing, advising, or in any way assisting you in connection with your objection;

    e. A statement indicating whether you or your lawyer(s) intends to appear at the Final Approval Hearing;

    f. Your handwritten or electronically imaged written signature; and

    g. If a Settlement Class Member or any of the Objecting lawyers have objected to any class action settlement where the objector or the Objecting lawyer asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

You must mail or deliver your written objection, postmarked no later than **November 21, 2023** to:

Clerk of the Court
United States District Court for the District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, MA 02210

You must also mail or otherwise deliver a copy of your written objection to Class Counsel and FloSports' counsel at the following addresses:

| **Class Counsel** | **Defendant's Counsel** |
|---|---|
| Hank Bates<br>Carney Bates & Pulliam, PLLC<br>519 W. 7th Street<br>Little Rock, AR 72201<br>Email: hbates@cbplaw.com | Christopher M. Iaquinto<br>Holland & Knight LLP<br>10 St. James Ave., 11th Fl.<br>Boston, MA 02116<br>christopher.iaquinto@hklaw.com |
| Rachel J. Geman<br>Lieff Cabraser Heimann & Bernstein LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013<br>Email: rgeman@lchb.com | Mark S. Melodia<br>Holland & Knight LLP<br>31 West 52nd Street, 12th Fl.<br>New York, NY 10019<br>mark.melodia@hklaw.com |

No "mass" or "class" objections will be allowed.

## 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no right to object or file a Claim Form because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

## 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at **2:30 p.m.** on **January 5, 2024** in Courtroom 8 at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for a Service Award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check www.FloSportsVPPASettlement.com or call 1-888-551-9944 or 1-800-541-7358. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

**Questions? Visit www.FloSportsVPPASettlement.com or call 1-877-619-4778**

6

## 20. Do I have to attend the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to attend the hearing to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also retain your own lawyer (at your own expense) to attend, but it's not required.

## 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the Settlement a statement saying that you or your lawyer intends to appear at the Final Approval Hearing.

## GETTING MORE INFORMATION

## 22. Where do I get more information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.FloSportsVPPASettlement.com. You may also write with questions to FloSports VPPA Privacy Settlement, P.O. Box 2138, Portland, OR 97208-2138. You can call the Settlement Administrator at 1-877-619-4778 or Class Counsel at 1-888-551-9944 or 1-800-541-7358, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE REGARDING THIS NOTICE.**

Questions? Visit www.FloSportsVPPASettlement.com or call 1-877-619-4778

7

Attachment 7

Tribunal de Distrito de los Estados Unidos para el Distrito de Massachusetts
*Fiorentino v. FloSports, Inc.*, N.º de caso 1:22-cv-11502-AK

# Los registros indican que usted puede tener derecho a un pago en virtud de un acuerdo de demanda colectiva porque se suscribió o se registró para acceder a FloSports

**Las reclamaciones deben presentarse antes del 22 de diciembre de 2023**

*Un tribunal autorizó este aviso. <u>No</u> constituye una demanda en su contra.
<u>No</u> se trata del ofrecimiento de un abogado.*

- Se ha llegado a un acuerdo en una demanda colectiva contra FloSports, Inc. ("FloSports"). La demanda colectiva alega que FloSports divulgó la información de identificación personal (personally identifiable information, "PII") de sus suscriptores a Facebook a través del píxel de seguimiento de Facebook, sin el consentimiento de sus suscriptores, en violación de la Ley de Protección de Privacidad de Video (Video Privacy Protection Act, "VPPA"). La definición de la PII de la VPPA incluye la información que identifica a una persona que ha solicitado u obtenido materiales o servicios de video específicos de un proveedor de servicios de cinta de video. FloSports niega haber violado alguna ley, pero ha aceptado el acuerdo para evitar la incertidumbre y los gastos asociados con la continuación del caso.

- Usted está incluido en el Grupo de demandantes del acuerdo si es una persona que reside en los Estados Unidos y que, desde el 13 de septiembre de 2020 hasta el 23 de agosto de 2023: (1) es o fue usuario de Facebook; (2) se suscribió o se inscribió de otro modo para acceder a los servicios de FloSports; y (3) solicitó u obtuvo cualquier video pregrabado (incluida la reproducción a demanda) disponible en cualquier sitio web de FloSports.

- Las personas incluidas en el Acuerdo serán elegibles para recibir una parte del pago en efectivo *prorrateada* (es decir, igual) del Fondo Neto del Acuerdo. El Acuerdo también requiere que el Demandado suspenda el funcionamiento del píxel de seguimiento de Facebook en cualquier página de su sitio web que incluya contenido de video y tenga una URL que identifique el contenido de video visto, a menos y hasta que la VPPA sea: (a) modificada para permitir expresamente (y no prohibir) las Reclamaciones que quedarán sin efecto, (b) derogada, o (c) invalidada por una decisión judicial sobre el uso de la tecnología de píxeles de sitios web por parte de la Corte Suprema de los Estados Unidos o el Tribunal de Apelaciones del Primer Circuito, o hasta que FloSports obtenga un consentimiento conforme a la VPPA para la divulgación a Facebook del contenido de video visto.

- Lea este aviso detenidamente. Independientemente de que actúe o no, sus derechos legales se verán afectados.

| SUS DERECHOS Y OPCIONES LEGALES EN VIRTUD DE ESTE ACUERDO DE CONCILIACIÓN | |
|---|---|
| **PRESENTAR UN FORMULARIO DE RECLAMACIÓN A MÁS TARDAR EL 22 DE DICIEMBRE DE 2023** | Esta es la única forma de recibir un pago en efectivo. Hay un Formulario de reclamación disponible en www.FloSportsVPPASettlement.com. Como Miembro del grupo de demandantes, usted renunciará a sus derechos a demandar a FloSports en el futuro con respecto a las reclamaciones en este caso. |

**¿Tiene alguna pregunta? Visite www.FloSportsVPPASettlement.com o llame al 1-877-619-4778**

| EXCLUIRSE ANTES A MÁS TARDAR EL 21 DE NOVIEMBRE DE 2023 | No recibirá beneficios, pero conservará cualquier derecho que tenga actualmente de presentar una demanda contra FloSports en relación con las reclamaciones de este caso. |
|---|---|
| OBJETAR A MÁS TARDAR EL 21 DE NOVIEMBRE DE 2023 | Escríbale al Tribunal para explicar el motivo por el cual no le satisface el Acuerdo de conciliación. |
| ASISTIR A LA AUDIENCIA EL 5 DE ENERO DE 2024 | Solicitar hablar ante el tribunal acerca de su opinión sobre el acuerdo. |
| NO HACER NADA | No recibirá una parte de los beneficios del Acuerdo de conciliación y renunciará a sus derechos de presentar una demanda contra FloSports sobre los reclamos de este caso. |

En este Aviso se explican sus derechos y opciones, **así como los plazos para ejercerlos.**

## INFORMACIÓN BÁSICA

### 1. ¿Por qué se emitió este Aviso?

Un Tribunal autorizó este aviso porque usted tiene derecho a conocer sobre un Acuerdo de conciliación que se ha propuesto para esta demanda colectiva y sobre todas sus opciones, antes de que el Tribunal decida si otorga o no la aprobación definitiva al Acuerdo de conciliación. En este Aviso se explican la demanda, el Acuerdo de conciliación y sus derechos legales.

El honorable Angel Kelley, del Tribunal de Distrito de los EE. UU. para el Distrito de Massachusetts, está supervisando este caso. El caso se llama *Fiorentino v. FloSports, Inc.*, Caso N.º 1:22-cv-11502-AK. La persona que presentó la demanda se denomina Demandante. El ente que fue objeto de la demanda, FloSports, se denomina Demandado.

### 2. ¿Qué es una demanda colectiva?

En una demanda colectiva, una o más personas conocidas como representantes del grupo de demandantes (en este caso, el Demandante Christopher J. Fiorentino) presentan una demanda en representación de un grupo o "colectivo" de personas que tienen reclamos similares. En una demanda colectiva, el tribunal resuelve los asuntos para todos los miembros del grupo de demandantes, excepto para quienes se hayan excluido del grupo de demandantes.

### 3. ¿De qué se trata esta demanda?

Esta demanda alega que FloSports infringió la Ley de Protección de Privacidad de Video, Título 18 del Código de los Estados Unidos, artículos 2710 y siguientes, ("VPPA") mediante la divulgación de la información de identificación personal ("PII") de sus suscriptores a Facebook a través del píxel de seguimiento de Facebook sin consentimiento. La definición de la PII de la VPPA incluye la información que identifica a una persona que ha solicitado u obtenido materiales o servicios de video específicos de un proveedor de servicios de cinta de video. FloSports niega haber infringido alguna ley. El Tribunal no ha determinado quién tiene razón. En su lugar, las partes han decidido llegar a un acuerdo en relación con la demanda para evitar la incertidumbre y los gastos asociados con el litigio en curso.

### 4. ¿Por qué existe un Acuerdo de conciliación?

El Tribunal no ha decidido si el Demandante o FloSports debe ganar este caso. En cambio, ambas partes llegaron a una Conciliación. De esa manera, evitan la incertidumbre y los gastos asociados con el litigio en curso y los Miembros del grupo de demandantes obtendrán una compensación.

## ¿QUIÉNES ESTÁN INCLUIDOS EN EL ACUERDO DE CONCILIACIÓN?

### 5. ¿Cómo sé si formo parte del Grupo de demandantes?

El Grupo de demandantes se define de la siguiente manera:

Todas las personas que residen en los Estados Unidos y que, desde el 13 de septiembre de 2020 hasta el 23 de agosto de 2023: (1) son o han sido usuarios de Facebook; (2) se suscribieron o se inscribieron de otro modo para acceder a los servicios de FloSports; y (3) solicitaron u obtuvieron cualquier video pregrabado (incluida la reproducción a demanda) disponible en cualquier sitio web de FloSports.

## LOS BENEFICIOS DEL ACUERDO

### 6. ¿Qué estipula el Acuerdo?

*Reparación monetaria*: FloSports pagará $2,625,000.00 para crear un Fondo del acuerdo de conciliación.

*Cambios prospectivos*: Además de esta reparación monetaria, el Acuerdo también requiere que FloSports suspenda el funcionamiento del píxel de seguimiento de Facebook en cualquier página de su sitio web que incluya contenido de video y tenga una URL que identifique el contenido de video visto, a menos y hasta que la VPPA sea: (a) modificada para permitir expresamente (y no prohibir) las Reclamaciones que quedarán sin efecto, (b) derogada, o (c) invalidada por una decisión judicial sobre el uso de la tecnología de píxeles de sitios web por parte de la Corte Suprema de los Estados Unidos o el Tribunal de Apelaciones del Primer Circuito, o hasta que FloSports obtenga un consentimiento conforme a la VPPA para la divulgación a Facebook del contenido de video visto.

Puede encontrar una descripción detallada de los beneficios del acuerdo de conciliación en el Acuerdo de conciliación disponible en www.FloSportsVPPASettlement.com.

### 7. ¿A cuánto ascenderá mi pago?

Después de deducir los honorarios y gastos de abogados aprobados por el Tribunal, el pago por servicios para el representante del grupo de demandantes y los costos de administración del acuerdo de conciliación (incluido el pago de cualquier impuesto asociado), el Fondo del acuerdo de conciliación se distribuirá entre los Miembros del grupo de demandantes como un pago en efectivo *prorrateado* (lo que significa en partes iguales). Esto significa que a cada Miembro del grupo de demandantes que presente una reclamación válida se le pagará una parte igual del Fondo Neto del Acuerdo. El monto de los pagos a Miembros del grupo de demandantes individuales dependerá del número de reclamaciones válidas que se presenten. Debido a que el monto del pago final no puede calcularse antes de que se reciban y verifiquen todas las reclamaciones, no será posible proporcionar una estimación precisa del monto del pago antes de la fecha límite para presentar los reclamos.

**¿Tiene alguna pregunta? Visite www.FloSportsVPPASettlement.com o llame al 1-877-619-4778**

3

## 8. ¿Cuándo recibiré mi pago?

El Tribunal celebrará una audiencia para considerar la imparcialidad del acuerdo el 5 de enero de 2024. Si el Tribunal aprueba el acuerdo de conciliación, se enviará un cheque a los Miembros del grupo de demandantes elegibles cuyos reclamos hayan sido aprobados por el Administrador de la conciliación en un plazo aproximado de 90 días después de que el Acuerdo de conciliación se haya aprobado de manera definitiva y/o se complete cualquier proceso de apelación. Al presentar sus reclamaciones, los Miembros del grupo de demandantes pueden elegir si desean recibir su pago a través de PayPal, Venmo o cheque en papel. Todos los cheques vencerán y quedarán anulados a menos que se cobren dentro de los 180 días posteriores a la fecha de emisión.

### CÓMO OBTENER BENEFICIOS

## 9. ¿Cómo recibo un pago?

Si usted es un Miembro del grupo de demandantes y desea recibir un pago, **debe** completar y enviar un Formulario de reclamación con matasellos a más tardar el **22 de diciembre de 2023**. Los formularios de reclamación se pueden encontrar y enviar en www.FloSportsVPPASettlement.com, o imprimiendo y enviando por correo un formulario de reclamación en papel, cuyas copias están disponibles para su descarga en www.FloSportsVPPASettlement.com.

Se recomienda a los Miembros del grupo de demandantes que presenten las reclamaciones en línea. No solo es más fácil y más seguro, sino que es completamente gratis y solo le llevará unos minutos.

### CÓMO PERMANECER EN LA CONCILIACIÓN

## 10. ¿A qué renuncio si permanezco como parte del Grupo de la Conciliación?

Si el Acuerdo se aprueba definitivamente, usted renunciará (o "se eximirá") a sus derechos a demandar a FloSports y a algunas de sus filiales (Partes beneficiarias de la renuncia) con respecto a las Reclamaciones que quedarán sin efecto, que se describen y definen en los Párrafos 1.25 y 1.26 del Acuerdo de conciliación. A menos que se excluya (*consulte* la pregunta 14), usted renunciará las Reclamaciones que quedarán sin efecto, independientemente de si presenta una reclamación o no. Puede acceder al Acuerdo de conciliación en el enlace "documentos del tribunal" en el sitio web.

El Acuerdo de conciliación describe las Reclamaciones que quedarán sin efecto con detalles específicos; por lo tanto, léalo detenidamente. Si tiene alguna pregunta, puede hablar gratuitamente con los abogados que se indican en la Pregunta 12, o puede, por supuesto, consultar a su propio abogado.

## 11. ¿Qué sucede si no hago nada?

Si no hace nada, no recibirá ningún beneficio monetario (pago en efectivo) de este Acuerdo de conciliación. Además, si no se excluye, no podrá iniciar una demanda ni participar en ninguna otra demanda presentada contra FloSports en relación con las Reclamaciones que quedarán sin efecto.

## LOS ABOGADOS QUE LO REPRESENTAN

### 12. ¿Tengo un abogado en este caso?

El Tribunal ha designado a Rachel Geman (Lieff Cabraser Heimann & Bernstein LLP) y Hank Bates (Carney Bates & Pulliam PLLC) como abogados que representan al Grupo de demandantes. Se los denomina "Abogados del grupo de demandantes". Luego de realizar una investigación exhaustiva, ellos creen que el Acuerdo de conciliación es justo, razonable y beneficioso para el Grupo de demandantes. A usted no se le cobrarán los servicios de estos abogados. Si desea estar representado por su propio abogado en este caso, puede contratar uno y asumir los gastos.

### 13. ¿Cómo se pagará a los abogados?

Los honorarios, costos y gastos de los abogados del grupo se pagarán con dinero del Fondo del acuerdo de conciliación y el monto que será determinado y adjudicado por el Tribunal. Los Abogados del grupo no solicitarán más de un tercio del Fondo del acuerdo de conciliación de $2.625 millones, pero el Tribunal puede otorgar menos de este monto.

Los Abogados del grupo también pueden solicitar un Pago por servicios de hasta $2,000.00 para el Representante del grupo por su servicio para ayudar a presentar y resolver el caso. El Pago por servicios se pagará con dinero del Fondo del acuerdo de conciliación, pero el Tribunal puede otorgar menos de este monto.

## EXCLUIRSE DEL ACUERDO DE CONCILIACIÓN

### 14. ¿Cómo me excluyo del acuerdo de conciliación?

Para excluirse del grupo, debe enviar por correo, o entregar de otra manera, una carta en la que indique que desea que se le excluya. Su carta debe incluir:

   a. El nombre y número de este caso, *Fiorentino v. FloSports, Inc.,* Caso N.º 1:22-cv-11502-AK.

   b. Su nombre completo, dirección y correo electrónico.

   c. Una declaración en la que explique que desea que se le excluya.

   d. Su firma escrita a mano o en una imagen electrónica.

Debe enviar su solicitud de exclusión por correo, o entregarla, con una fecha de franqueo que no sea posterior al **21 de noviembre de 2023** a:

FloSports VPPA Settlement Administrator Exclusions
P.O. Box 2138
Portland, OR 97208-2138

No se permitirán exclusiones en "masa" o "grupo".

### 15. Si no me excluyo, ¿puedo demandar al Demandado por este mismo asunto en el futuro?

No. A menos que se excluya, usted renuncia a todo derecho de demandar a FloSports por las Reclamaciones que quedarán sin efecto resueltas mediante este Acuerdo de conciliación.

### 16. Si me excluyo, ¿puedo obtener algo de este Acuerdo?

No. Si se excluye, no puede presentar un Formulario de reclamación para recibir un beneficio monetario (pago en efectivo).

## CÓMO OBJETAR LA CONCILIACIÓN

### 17. ¿Cómo presento una objeción a la Conciliación?

Si usted es un Miembro del Grupo de Demandantes, puede solicitarle al Tribunal que deniegue la aprobación presentando una objeción. Puede objetar cualquier aspecto del Acuerdo, a la solicitud de honorarios y gastos de los Abogados del grupo de demandantes, o a la solicitud de un Pago por servicios. Puede exponer las razones por las cuales cree que el Tribunal no debe dar su aprobación. El Tribunal considerará sus opiniones.

Si decide presentar una objeción, debe enviar o presentarle al tribunal una carta o informe breve en el que indique que objeta el Acuerdo de conciliación. Su carta o informe breve debe incluir:

El nombre y número de este caso, *Fiorentino v. FloSports, Inc.,* Caso N.º 1:22-cv-11502-AK.

   a.  Su nombre completo, dirección y correo electrónico.

   b.  Una explicación del fundamento con el cual usted afirma ser un Miembro del grupo de demandantes, que incluya información suficiente para identificar su página actual de Facebook o una captura de pantalla que demuestre que usted fue miembro de Facebook durante el período del grupo de la demanda.

   c.  Una explicación de todos y cada uno de los motivos de sus objeciones, incluidas las citas a la autoridad legal y las pruebas justificativas, y adjuntar cualquier material en el que se base para sus objeciones.

   d.  El nombre y la información de contacto de todos y cada uno de los abogados que le representan, asesoran o ayudan de alguna manera en relación con su objeción.

   e.  Una declaración de si usted o su(s) abogado(s) pretende(n) comparecer en la Audiencia de aprobación definitiva.

   f.  Su firma escrita a mano o en una imagen electrónica. Y:

   g.  Si un Miembro del grupo de demandantes o cualquiera de los abogados que objetan se han opuesto a cualquier acuerdo de demanda colectiva en el que el objetor o el abogado que objeta hayan solicitado o recibido cualquier pago a cambio de la desestimación de la objeción, o cualquier apelación relacionada, sin ninguna modificación del acuerdo de conciliación, entonces la objeción debe incluir una declaración que identifique cada caso por título completo del caso y monto del pago recibido. Cualquier impugnación al Acuerdo de conciliación o a la Sentencia definitiva será conforme a la apelación en virtud de las Reglas Federales del Procedimiento de Apelación y no a través de un ataque colateral.

Debe enviar su objeción por correo, o entregarla, con una fecha de franqueo que no sea posterior al **21 de noviembre de 2023** a:

Clerk of the Court
United States District Court for the District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, MA 02210

También debe enviar por correo o de otro modo una copia de su objeción por escrito al Abogado del grupo y al abogado de FloSports a las siguientes direcciones:

| Abogados del Grupo de demandantes | Abogados del Demandado |
|---|---|
| Hank Bates<br>Carney Bates & Pulliam, PLLC<br>519 W. 7th Street<br>Little Rock, AR 72201<br>Correo electrónico: hbates@cbplaw.com | Christopher M. Iaquinto<br>Holland & Knight LLP<br>10 St. James Ave., 11th Fl.<br>Boston, MA 02116<br>christopher.iaquinto@hklaw.com |
| Rachel J. Geman<br>Lieff Cabraser Heimann & Bernstein LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013<br>Correo electrónico: rgeman@lchb.com | Mark S. Melodia<br>Holland & Knight LLP<br>31 West 52nd Street, 12th Fl.<br>New York, NY 10019<br>mark.melodia@hklaw.com |

No se permitirán objeciones en "masa" o "grupo".

## 18. ¿Cuál es la diferencia entre objetar y excluirme del Acuerdo?

Objetar es sencillamente decirle al Tribunal que a usted no le gusta algo del Acuerdo. Puede presentar una objeción solo si permanece en el Grupo de Demandantes. Excluirse del Grupo de demandantes es indicarle al Tribunal que no quiere formar parte de este. Si se excluye, no tiene ningún derecho a presentar una objeción o presentar un Formulario de reclamación, puesto que el caso ya no le afecta.

### AUDIENCIA DE APROBACIÓN DEFINITIVA DEL TRIBUNAL

## 19. ¿Cuándo y dónde decidirá el Tribunal si aprueba el Acuerdo de Conciliación?

El Tribunal llevará a cabo una Audiencia de aprobación definitiva a las **2:30 p. m**. del **5 de enero de 2024** en la Sala 8 de John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210. El propósito de la audiencia será que el Tribunal determine si aprueba el Acuerdo de conciliación como justo, razonable, adecuado y beneficioso para el Grupo de demandantes; que considere la solicitud de los Abogados del Grupo de demandantes de recibir compensación por honorarios y gastos, y que considere la solicitud de un Pago por servicio para el Representante del grupo. En esta audiencia, el tribunal estará dispuesto a escuchar objeciones y argumentos respecto de la imparcialidad del acuerdo.

La audiencia puede posponerse para otra fecha u horario sin aviso; por lo tanto, le recomendamos que revise www.FloSportsVPPASettlement.com o llame al 1-888-551-9944 o 1-800-541-7358. Si, sin embargo, objetó de manera oportuna el Acuerdo de conciliación y le informó al Tribunal que tiene la intención de comparecer y hablar en la Audiencia de aprobación definitiva, recibirá un aviso sobre cualquier cambio en la fecha de dicha audiencia.

## 20. ¿Debo asistir a la audiencia?

No. Los Abogados del Grupo de Demandantes responderán todas las preguntas que el Tribunal pueda tener. Sin embargo, puede venir por su cuenta si lo desea. Si presenta una objeción o comentario, no tiene la obligación de asistir a la audiencia para hablar sobre ella. Siempre que presente su objeción por escrito y la envíe por correo oportunamente, el tribunal la considerará. Además, puede contratar a su propio abogado (con los gastos por su propia cuenta y cargo) para que asista, pero esto no es obligatorio.

## 21. ¿Puedo hablar en la audiencia?

Sí. Puede solicitar la autorización del tribunal para hablar en la Audiencia de imparcialidad. Para hacerlo, debe incluir en su carta o informe de objeción al Acuerdo de conciliación una declaración de usted o su abogado tienen planes de comparecer en la Audiencia de aprobación definitiva.

## CÓMO OBTENER MÁS INFORMACIÓN

## 22. ¿Dónde obtengo más información?

Este Aviso resume el Acuerdo de Conciliación. El Acuerdo de Conciliación contiene más detalles. Puede obtener una copia del Acuerdo de conciliación en www.FloSportsVPPASettlement.com.También puede enviar una carta con sus preguntas a FloSports VPPA Privacy Settlement, P.O. Box 2138, Portland, OR 97208-2138. Si tiene alguna pregunta, puede llamar al Administrador del acuerdo al 1-877-619-4778 o al Abogado del Grupo de demandantes al 1-888-551-9944 o 1-800-541-7358. Sin embargo, antes de hacerlo, lea todo este aviso detenidamente. También podrá encontrar información adicional en el sitio web del caso.

**NO LLAME POR TELÉFONO AL TRIBUNAL O EL SECRETARIO DEL TRIBUNAL EN RELACIÓN CON ESTE AVISO.**

Attachment 8

## *Fiorentino v. FloSports, Inc.*

In the United States District Court for the District of Massachusetts
Case No. 1:22-cv-11502-AK

## <u>Settlement Claim Form</u>

**If you are a Settlement Class Member and wish to receive a payment, your completed Claim Form must be postmarked on or before December 22, 2023, or submitted online on or before December 22, 2023.**

Please read the full Notice of this settlement (available at www.FloSportsVPPASettlement.com) carefully before filling out this Claim Form.

To be eligible to receive any benefits from the settlement obtained in this class action lawsuit, you must submit this completed Claim Form online or by mail:

<u>ONLINE:</u>    www.FloSportsVPPASettlement.com

<u>MAIL:</u>    FloSports VPPA Settlement Administrator
PO Box 2138
Portland, OR 97208-2138

**PART ONE: CLAIMANT INFORMATION**

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

**FIRST NAME**    **MI**    **LAST NAME**

**STREET ADDRESS**

**CITY**    **STATE**    **ZIP CODE**

**COUNTRY**

**EMAIL ADDRESS**

**PHONE NUMBER**

If you received notice about the Settlement by email, please provide the Unique ID located on the Notice you received to assist the Settlement Administrator in validating your claim. Please be sure to include the full Unique ID, including all letters and/or numbers that appear.

**Unique ID**

01-CA40067124
AJ0341 v.04

**PART TWO: PAYMENT SELECTION**

Please select one of the following payment options:

☐    Venmo

Email address associated with your Venmo account:

| | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐    PayPal

Email address associated with your PayPal account:

| | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐    Physical Check

A check will be mailed to the address provided above.

**PART THREE: CERTIFICATION**

To qualify for a cash payment, you must verify that you watched a prerecorded (including on-demand replay) video on any FloSports website while you had a Facebook account by completing the following certification.

I certify the following:

(1)    At least once between September 13, 2020, and August 23, 2023:

    (a)    I subscribed or otherwise signed up for access to FloSports' services;

    (b)    I requested or obtained any prerecorded (including on-demand replay) video(s) available on any FloSports website; and

    (c)    I was a Facebook user at the time I requested or obtained such prerecorded video(s).

(2)    All of the information on this Claim Form is true and correct to the best of my knowledge, information, and belief, and this is the only claim I will submit in connection with this Settlement. I understand the Settlement Administrator may contact me to request further verification of the information provided in this Claim Form.

|  |
|---|

**SIGNATURE**

**DATE**    [  ] [  ] – [  ] [  ] – [  ] [  ] [  ] [  ]
                    MM     DD      YYYY

**Please keep a copy of your Claim Form for your records.**

02-CA40067124
AJ0342 v.04

QUESTIONS? VISIT www.FloSportsVPPASettlement.com
OR CALL 1-877-619-4778 TOLL-FREE.