IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER J. FIORENTINO,<br><br>  Plaintiff,<br>v.<br><br>FLOSPORTS, INC.,<br><br>  Defendant. | Case No. 1:22-CV-11502-AK |

## [~~PROPOSED~~] FINAL APPROVAL ORDER AND JUDGMENT

This matter is before the Court on Plaintiff Christopher J. Fiorentino's unopposed Motions for (I) Final Approval of Class Action Settlement (the "Final Approval Motion"), and (II) Award of Attorneys' Fees, Litigation Costs, and Service Award (the "Fee Motion") (collectively, the "Motions"). The Motions reference and incorporates a proposed Class Action Settlement Agreement (Doc No. 60-1) (the "Settlement" or "Settlement Agreement") that, together with the exhibits thereto, sets forth the terms and conditions for the settlement of claims, on a class-wide basis, against Defendant FloSports, Inc. ("FloSports," and along with Plaintiff, the "Parties").

Having carefully considered the Motions and the proposed Settlement, and all of the files, records, and proceedings herein, including arguments set forth at the Final Approval Hearing on the Settlement, and finding good cause,

**THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1.  This Final Approval Order and Judgment ("Order and Judgment") incorporates by reference the definitions in the Settlement Agreement, and unless otherwise indicated, all capitalized terms herein shall and have the same meaning as set forth in the Settlement Agreement.

2.  The Court has jurisdiction over the subject matter of this action ("Action") and personal jurisdiction over all Parties and all members of the Settlement Class described below.

1

## Certification of the Settlement Class

3.      Under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and solely for purposes of judgment on the proposed Settlement Agreement, the Court certifies the following Settlement Class:

> all individuals residing in the United States who are or have been Facebook users that subscribed or otherwise signed up for access to FloSports' services, and requested or obtained any prerecorded (including on-demand replay) videos available on any FloSports website, during the Class Period [September 13, 2020, to and through August 23, 2023]. Excluded from the Settlement Class are (1) any judge presiding over this Action and members of their families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded persons.

The Settlement Class, which will be bound by this Order and Judgment, shall include all members of the Settlement Class who did not submit a timely and valid request for exclusion.

4.      The Court finds that the requirements of Rules 23(a) and (b)(3) are satisfied for the following reasons: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to members of the Settlement Class that predominate over questions affecting only individual members (*e.g.*, whether FloSports unlawfully disclosed to third parties Plaintiff's and Settlement Class Members' personally identifiable information without consent in a manner that violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), and whether Plaintiff and the Settlement Class Members are entitled to uniform statutory damages under the VPPA); (3) Plaintiff's claims are typical of the claims of the Settlement Class; (4) Plaintiff and his counsel have and will continue to fairly and adequately protect the interests of the Settlement Class; and (5) a settlement class action is a

superior method of fairly and efficiently adjudicating this Action.

5.      Pursuant to Rule 23, Plaintiff Christopher J. Fiorentino is appointed as Class Representative, and the following are appointed as Class Counsel: Rachel J. Geman of Lieff Cabraser Heimann & Bernstein, LLP; Hank Bates of Carney Bates & Pulliam PLLC; Christopher J. Cormier of Burns Charest LLP; and Shawn Kennedy of Herrera Kennedy LLP.

**Final Approval of the Settlement Agreement and Notice Plan**

6.      Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval under Rule 23(e), as well as other factors relevant to class settlement approval. *See, e.g., Walsh v. Popular, Inc.*, 839 F. Supp. 2d 476, 480 (D.P.R. 2012); *In re Lupron(R) Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 93 (D. Mass. 2005)).

7.      Having considered the terms of the Settlement and the record before it, including that there were no objections to the Settlement and no requests for exclusion from the Settlement Class, the Court finds that the Settlement Class Representative and Class Counsel have adequately represented the interests of Settlement Class Members; the settlement consideration provided under the Settlement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties; the Settlement is the result of arm's-length negotiations by experienced, well-qualified counsel that included a day-long mediation conducted by respected mediator Honorable Wayne R. Andersen (Ret.); the Settlement provides meaningful monetary and non-monetary benefits to Settlement Class Members and such benefits are not disproportionate to the attorneys' fees and expenses sought by Class Counsel; the benefits provided treat Settlement Class Members equitably; and the Settlement is reasonable and appropriate under the

circumstances of this Action, including the risks, complexity, expense and duration of the Action, FloSports' financial condition, and the reaction of the Settlement Class. The Court further finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

8.  The Court finds that the notice program, as set forth in Section 4 of the Settlement Agreement and effectuated pursuant to the Court's August 23, 2023 Preliminary Approval Order (Doc No. 63) and November 6, 2023 Order Granting Joint Motion for Extension of Time (Doc No. 65), satisfies the requirements of Federal Rule of Civil Procedure 23(c) and due process and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of (i) the pendency of the Action and of the Settlement, including the terms thereof; (ii) class members' rights to object to or exclude themselves from the Settlement, including the procedure for objecting to or opting out of the Settlement, and to appear at the Final Approval Hearing; (iii) contact information for Class Counsel, the Settlement Administrator, the Settlement Website, and a toll-free number to ask questions about the Settlement; (iv) important dates in the settlement approval process, including the date of the Final Approval Hearing; (v) Class Counsel's request for an award of reasonable attorneys' fees and expenses; and (vi) the Class Representative's application for a service award.

9.  The Court hereby reaffirms its appointment of Epiq Class Action and Claims Solutions, Inc. to perform the functions and duties of the Settlement Administrator set forth in the Settlement—including providing notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement. Accordingly, Class Counsel and the Settlement Administrator are directed to administer the Settlement in

accordance with its terms and provisions, and Class Counsel is authorized to reimburse the Settlement Administrator from the Settlement Fund for the reasonable expenses consistent with those terms and provisions.

10. No members of the Settlement Class have requested exclusion from the Settlement Class, and no members of the Settlement Class objected to the Settlement.

11. The Court hereby approves the Settlement in all respects and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

### Attorneys' Fees, Litigation Costs and Service Award

12. The Court has also considered Plaintiff's Fee Motion, as well as the supporting memorandum of law and declarations, and adjudges that the payment of attorneys' fees and costs in the aggregate amount of $875,000 is reasonable. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

13. The Court further finds that the requested service award to the Class Representative is fair and reasonable. As such, the Court approves a service award to the Class Representative in the amount of $2,000, to be paid from the Settlement Fund in the manner and at the times set forth in the Settlement Agreement.

### Dismissal and Final Judgment

14. The Action is hereby dismissed with prejudice, with each party to bear its own costs.

15. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

16. Upon the Effective Date and by operation of this Order and Judgment, the

Releasing Parties (including Plaintiff and those Settlement Class Members who did not timely exclude themselves from the Settlement Class), and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement) against any Released Party based on the Released Claims.

17. Upon the Effective Date and by operation of this Order and Judgment, the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and Releasing Parties.

18. The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Order and Judgment avnd do not limit the rights of Settlement Class Members.

19. The Court shall retain exclusive, continuing, jurisdiction to resolve any disputes or challenges that may arise as to compliance with the Settlement Agreement, or any challenge to the performance, validity, interpretation, administration, enforcement, or enforceability of the Notice, this Order and Judgment, or the Settlement Agreement.

20. In the event that this Order and Judgment is reversed on appeal or otherwise does

not become final, (i) this Order and Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; (ii) as specified in the Settlement Agreement, the Settlement Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*; (iii) the Settlement Fund shall be refunded to the Defendant, less reasonable settlement administrative expenses actually incurred and paid; and (iv) the Action shall proceed as if no settlement had occurred and as otherwise provided for in the Settlement Agreement.

21. Neither the Settlement Agreement, the Settlement contained therein, the negotiation thereof, nor any proceeding or document executed pursuant to or in furtherance thereof (i) is or shall be construed as, an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claim or defense, in whole or in part, on the part of any party in any respect, or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Settlement or this Order and Judgment.

22. This Court hereby directs entry of this Order and Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment. The Clerk of the Court shall close the file in this matter.

**IT IS SO ORDERED.**

_____
Honorable Angel Kelley
United States District Judge